EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FRANCISCO SOTO REQUENE, acusado y apelante.

*Número:* CR-64-127        *Resuelto:* 30 de octubre de 1964

144

*Enrique C. Calderón,* abogado designado por el Tribunal Supremo para ofrecer asistencia legal al acusado en apelación; *J. B. Fernández Badillo, Procurador General,* y *Américo Serra, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: El apelante fue convicto por tribunal de derecho, después de haber renunciado a su derecho a juicio por jurado, de un delito de escalamiento en primer grado y sentenciado a cumplir de 5 a 10 años de presidio.

En este recurso alega que el tribunal sentenciador erró, 1) al admitir en evidencia prueba ilegalmente obtenida, 2) al preguntar el Juez y permitir que el Fiscal preguntara al acusado sobre convicciones anteriores, 3) al admitir prueba de referencia.

Los errores no fueron cometidos. La evidencia ilegalmente obtenida a que se refiere el apelante, son unos billetes de la lotería de Puerto Rico, ocupados al acusado en el cuartel de la policía y los cuales habían sido sustraídos la noche anterior de la residencia del señor Alfonso Martínez

Blanco. Su contención es tardía. Ni antes ni durante el juicio la suscitó. Cuando se presentaron en evidencia la defensa manifestó que no tenía objeción a su admisión. No puede levantar esa cuestión ahora por primera vez en apelación. *Pueblo* v. *Bonilla*, 78 D.P.R. 152 (1955) ; *Pueblo* v. *Pierantoni*, 67 D.P.R. 806 (1947). De todos modos dicha evidencia no es el producto de un arresto ilegal. Después de haberse cometido un escalamiento en la residencia de Martínez Blanco y habérsele descrito a la policía la persona que lo cometió, el acusado fue llevado al Cuartel de la Policía donde fue debidamente identificado como el autor del escalamiento en primer grado previamente denunciado. Los agentes del orden público podían arrestar al acusado en aquel momento en virtud de la denuncia fundada en motivos racionales de la perpetración de dicho delito, que es un delito grave, por el referido acusado. Inciso 4 del Art. 116 del Código de Enjuiciamiento Criminal, vigente entonces. Siendo válido el arresto, el registro del acusado, incidental a dicho arresto era legal. Véase *Pueblo* v. *Soto*, 77 D.P.R. 206 (1954).

█ El acusado declaró en el juicio. Tanto las preguntas héchales por el Juez como el Fiscal sobre convicciones anteriores no fueron objetadas por la defensa. Hemos resuelto que no debe permitirse que se ·objete por primera vez en apelación prueba que debió excluirse de objetarse oportunamente. *Pueblo* v. *Vázquez*, 75 D.P.R. 25 (1953). Sin embargo dichas preguntas no lesionaron los derechos del acusado. Fue el propio acusado, en el interrogatorio directo, quien habló de las investigaciones en otros casos de que él había sido objeto y sobre el resultado de esas investigaciones. Véase *Pueblo* v. *Archeval*, 74 D.P.R. 512 (1953). Por otro lado, las preguntas del Juez y el Fiscal se referían a convicciones anteriores del acusado por delitos graves, lo cual admitió finalmente. Tales preguntas eran propias a los fines de impugnar su credibilidad. *Pueblo* v. *González*, 80 D.P.R. 208 (1958).

El hecho de que un testigo declarara que el policía le había dicho que encontró los billetes de lotería en la persona del acusado, no es motivo para revocar la sentencia apelada si se considera que dicha prueba no fue objetada, *Pueblo* v. *Jiménez*, 78 D.P.R. 7 (1955); *Pueblo* v. *Ortiz*, 62 D.P.R. 258 (1943·), y si se considera además que dicho policía declaró posteriormente que le había ocupado los billetes al acusado.

*Se confirmará la sentencia apelada.*