EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ EMILIO COSME VARGAS, acusado y apelante.

*Número:* CR-67-76      *Resuelto:* 28 de enero de 1969

*E. Armstrong de Watlington* y *Enrique Miranda Merced,* abogados del apelante; *J. F. Rodríguez Rivera, Procurador General Interino,* y *Juan José Ríos Martínez, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

Se trata de un caso de escalamiento en primer grado. El apelante fue sorprendido robando, en horas de la noche, en el almacén de una ferretería. Esta ferretería tiene la tienda al frente y detrás tiene el almacén. El almacén tiene paredes por tres lados, el fondo es abierto, tiene techo, y allí se guarda gran cantidad de mercancía. El almacén está rodeado por una verja de siete pies de alto más dos o tres pies de alambre de púas. Dicha verja tiene un portón para poder entrar a ese lugar. El apelante fue convicto en el tribunal de instancia.

Al apelante se le acusó específicamente de que penetró durante las horas de la noche y con la intención criminal de cometer hurto "en el *edificio* donde ubica el *almacén* de la corporación Comercial Antillana, Inc." (Énfasis nuestro.)

En apelación señala cuatro errores. En el primero alega que erró el tribunal de instancia al entender que el edificio penetrado por el apelante era uno de los protegidos por el Art. 408 del Código Penal. Argumenta que para que pueda cometerse escalamiento el edificio penetrado debe tener cuatro paredes y que el almacén en el cual penetró sólo tiene tres paredes, un techo y una cerca.

No tiene razón. El Art. 408 del Código Penal, 33 L.P.R.A. sec. 1591, lee como sigue:

"Toda persona que entrare en una casa, aposento, habitación, casa de vecindad, taller, almacén, tienda, granero, establo, dependencia, u otro edificio, pabellón, embarcación, carro o vagón, con el propósito de cometer hurto o ratería, o cualquier delito grave será culpable de escalamiento."

Cita el caso de *Pueblo* v. *Gibbons*, 273 Pac. 32 (1928), opinión *per curiam* escrita hace cuarenta años, en el cual se resolvió lo que él aquí sostiene. Dicho caso de *Gibbons* contiene una bien razonada opinión disidente en la cual se sostiene, con razón a nuestro entender, que por el hecho de que un lado del edificio se dejase abierto por necesidad del trabajo ello no hace que la estructura deje de ser un

edificio. Esa opinión disidente es luego elogiada cuando se escribe sobre el tema con el beneficio de mayor sosiego y de una más amplia investigación al nivel universitario. Véase McCormac, *"Development of the Law of Burglary in California,"* 25 So. Cal. L. Rev. 75, 82 (1951).

█ Originalmente, en el derecho común anglosajón, el escalamiento consistía en penetrar de noche en una vivienda con la intención de cometer un delito, *Stowell* v. *People*, 90 P.2d 520, pero el delito de escalamiento ha sufrido muchas redefiniciones y ampliaciones tanto jurisprudencialmente como estatutariamente.[1] En Puerto Rico dicho delito es, como se sabe, estatutario. Nuestro estatuto no contiene una definición de la palabra edificio, ni de la palabra almacén.[2] Después de todo, se supone que los tribunales saben lo que es un edificio y un almacén, pues eso cualquier adulto lo sabe. No hay que elaborar mucho para demostrar que no todos los edificios tienen que tener exactamente cuatro paredes y un techo. Esa definición viene de antaño cuando la arquitectura era sencilla y cambiaba poco. Ya hoy ése no es el caso.

█ El número de paredes, del edificio escalado, no es un elemento esencial del delito de escalamiento. Los elementos de ese delito en Puerto Rico son (1) la penetración, (2) en uno de los lugares especificados en el estatuto y (3) con la intención de cometer hurto o ratería o cualquier delito grave.

Bastan unos ejemplos para demostrar lo incorrecto de la posición que el apelante adopta. Por ejemplo, si la penetración y el hurto se cometen en un edificio de cinco paredes y un techo ¿no es escalamiento? ¿Y si se comete en un silo,

---

[1] 2 Russell, *On Crime* 911, 11th ed. (1958), London; Perkins, *Cases on Criminal Law and Procedure*, 3rd ed. (1966); Paulsen and Kadish, *Criminal Law and Its Processes* (1962), pág. 453.

[2] Tampoco la contiene el proyecto de Código Penal sometido por el Gobernador a la Asamblea Legislativa en el año 1967, P. del S. 581 de ese año.

que es un edificio cilíndrico y que solamente tiene una pared a la vuelta redonda? ¿Y si se comete en un tetraedro, que es un edificio en forma de pirámide, y que tiene cuatro paredes pero no tiene techo? ¿Y si se comete en un edificio en forma cónica, en cuyo caso tiene una sola pared circular y ningún techo? ¿Y si se comete en un "quonset hut" que tiene forma semi-cilíndrica?

■ La realidad es que todos esos son edificios, productos de la arquitectura, y que en todos ellos puede cometerse escalamiento si hay la penetración con la intención de cometer hurto o ratería o cualquier delito grave. El propósito del estatuto no es proteger una clase de edificio a diferencia de otros (por ejemplo, proteger a los edificios de cuatro paredes, pero no a los de tres ni a los de cinco) sino que es proteger la vida y la propiedad.

Pero aún si fuésemos a tornarnos sumamente literalistas, no podríamos concurrir con el apelante pues nuestro estatuto declara escalamiento la penetración (con la intención de cometer hurto) en un "almacén" o en "otro edificio," y el apelante fue acusado de penetrar "en el *edificio* donde ubica el *almacén* de la corporación Comercial Antillana." El apelante penetró en un edificio y en un almacén, pues dicho edificio era utilizado por sus dueños como almacén.

■ La estrecha doctrina del caso de *Gibbons*, supra, ejemplo de un enfoque jurídico formalista y arcaico, ha sido superada. Hoy día se considera que un edificio es cualquier estructura hecha para o dedicada a albergar personas o animales o a guardar cosas; que una casa o vivienda es un lugar donde habita o puede habitar gente y que un almacén es cualquier estructura en donde se guarde o se pueda guardar propiedad.

■ En *People* v. *Wilson*, 182 N.E.2d 683 (1962) se sostuvo que se cometió escalamiento en primer grado cuando el acusado penetró en un taller de mecánica, uno de cuyos lados era abierto y a cuyo taller se podía entrar sin abrir

o romper puerta alguna. En idéntico sentido véase *People* v. *Gillespie*, 176 N.E. 316 (1931).

En *Anthony* v. *State*, 207 S.W.2d 84 (1948) se sostuvo que un edificio cuyo primer piso no tiene puertas y está completamente abierto es un edificio y se sostuvo la convicción.

En *State* v. *Davis*, 373 P.2d 128 (1962) el estatuto incluía, como en Puerto Rico, a los edificios (*buildings*) entre las estructuras que podían ser objeto de escalamiento. El apelante escaló un puesto de cigarros (*cigar stand*). Este puesto consistía de una estructura muy común en las calles de los Estados Unidos utilizada para vender cigarrillos o revistas o dulces. Es una pequeña casilla o quiosco con paredes de madera por *tres* lados, con techo y abierta hacia la acera. De noche lo cierran con una lona que de día le sirve de quitasol. El tribunal concluyó que esa estructura era un edificio y sostuvo la convicción.

También se ha resuelto que un puesto o quiosco de vender *pop corn* montado sobre ruedas, es un edificio en el cual se puede cometer escalamiento. *People* v. *Burley*, 26 Cal. App.2d 213.

■ La penetración no tiene que ser completa; no es necesario que todo el cuerpo del escalador penetre en la casa o edificio escalado. Se ha resuelto que basta con que el ladrón meta la mano o el brazo dentro de la casa o edificio para que se perpetre el escalamiento. *Pueblo* v. *Soriano Rodríguez*, 92 D.P.R. 46, 49 (1965) y casos allí citados; V. además 25 So. Cal. L. Rev. 85 y casos allí citados.

■ Consistente con el propósito universal de los tribunales de realizar la intención legislativa, se ha resuelto que son edificios en los cuales se puede cometer escalamiento las perreras, los establos, las vitrinas y un polvorín ubicado en una cueva a la cual se le instaló una puerta.(³)

---

(³) Véase en el orden arriba mencionados, *Carleton* v. *State*, 163 N.E. 311; 12 So. Cal. L. Rev. 91–92 y casos allí citados.

Como vemos, el concepto de edificio como estructura de cuatro paredes y un techo ha sido ya abandonado. Así tenía que ser, en vista del desarrollo de la arquitectura. Para ridiculizarlo un autor lo ha llamado *"the magic of four walls and a roof."* 100 U. Pa. L. Rev. 411 (1951).

Nuestro estatuto incluye a los "edificios" entre los lugares que pueden ser objeto de escalamiento. La palabra edificio es una palabra muy abarcadora, que ha sido interpretada liberalmente y lo razonable es entender que el almacén que fue objeto de escalamiento en este caso es un edificio. Pero aún en el supuesto de que nos viésemos en la necesidad de interpretar, la interpretación judicial debe hacerse con fines socialmente útiles. En un país como Puerto Rico en donde en el presente ocurre un escalamiento cada 28 minutos[4] y en donde hay que encerrar en rejas de acero a los hogares y a los establecimientos comerciales, no hay justificación alguna para recortar judicialmente el ámbito del artículo en cuestión (33 L.P.R.A. sec. 1591) sino que lo razonable parece que es adoptar la mejor jurisprudencia y la mejor doctrina sobre el particular, lo cual nos llevaría a concluir que el almacén escalado es un edificio y que se cometió el delito.

■ De todas maneras, nuestro estatuto también incluye a un "almacén" como un lugar en donde se puede cometer hurto y no define limitativamente ese término. El apelante fue acusado y convicto de penetrar con intención de cometer hurto en al almacén de una firma comercial.

Nuestro estatuto no contiene una definición de edificio, por lo tanto la palabra debe entenderse en el sentido ordinario y usual que se le adscribe. No debe haber dudas de que un almacén como el antes descrito, lleno de mercancía y protegido con portones y candado es un edificio y que quien entra en él en horas de la noche para cometer hurto, comete

[4] Policía de Puerto Rico, *Datos Estadísticos 1965–66*, págs. R-2 y R-3.

escalamiento en primer grado. No se cometió el primer error señalado.

■ Los otros tres errores señalados no merecen mayor discusión pues no tienen mérito alguno. El segundo impugna lo que llama admisiones orales del apelante. En realidad se trata de la declaración del Policía Amador y ésta es una pieza de evidencia como cualquiera otra. Su admisibilidad ' no fue objetada por la defensa en ningún momento y la objeción se levanta tardíamente por primera vez en apelación. *Pueblo* v. *Soto Requene*, 91 D.P.R. 143, 145 (1964); *Pueblo* v. *Bonilla*, 78 D.P.R. 152 (1955) y *Pueblo* v. *Vázquez*, 75 D.P.R. 25 (1953). Tampoco demuestra el récord ninguna interrogación indebida hecha al apelante, como se alega en el tercer error. El último error impugna la suficiencia de la prueba y el mismo es frívolo.

*Por los motivos antes expuestos se confirmará la sentencia dictada en este caso por el Tribunal Superior, Sala de San Juan, en 3 de septiembre de 1965.*

El Juez Presidente Interino Señor Pedro Pérez Pimentel y el Juez Asociado Señor Santana Becerra disintieron. El Juez Presidente Señor Luis Negrón Fernández y el Juez Asociado Señor Hernández Matos no intervinieron.