EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOBINO REYES BONILLA, acusado y apelante.

*Número:* CR-71-6      *Resuelto:* 22 de noviembre de 1971

266

*Julio García Antique,* abogado del apelante; *Gilberto Gierbolini, Procurador General,* y *Ruth Tentori de Lebrón-Velázquez, Procuradora General Auxiliar,* abogados de El Pueblo.

El Juez Asociado Señor Martínez Muñoz emitió la opinión del Tribunal.

La prueba en este caso demuestra, sin que el apelante suscite en este recurso ninguna cuestión en cuanto a ella, que alrededor de las 8:00 P.M. del 22 de enero de 1968 Jobino Reyes Bonilla, acompañado de un menor de 15 años de edad, penetró en la residencia de la señora Lucy Santiago de Arroyo en el Barrio Coquí de Salinas, de donde sustrajo un reloj pulsera marca Bulova, mientras la señora Santiago y su esposo visitaban un pariente en otro barrio. Fue procesado ante un jurado por el delito de escalamiento en primer grado, rindiendo éste un veredicto de culpabilidad por mayoría de once a uno.

Como único error señala que la acusación es insuficiente en derecho para imputar el delito por el cual fue convicto por no alegarse que el escalamiento se cometió durante las horas de la noche. En efecto la acusación no alega ese hecho. (¹)

---

(¹) La acusación lee como sigue:

"El fiscal formula acusación contra Jobino Reyes Bonilla, residente en Las Parcelas Viejas, Bo. Coquí, Salinas, Puerto Rico, por un delito de Escalamiento en Primer Grado (Felony), cometido de la manera siguiente:

El Art. 408 del Código Penal, 33 L.P.R.A. sec. 1591, define el delito de escalamiento así:

"Toda persona que entrare en una casa, aposento, habitación, casa de vecindad, taller, almacén, tienda, granero, establo, dependencia, u otro edificio, pabellón, embarcación, carro o vagón, con el propósito de cometer hurto o ratería, o cualquier delito grave será culpable de escalamiento."

Puede verse que los elementos esenciales de ese delito en Puerto Rico son la penetración en uno de los lugares especificados en dicho artículo y la intención específica de cometer hurto o ratería o cualquier delito grave, *Pueblo* v. *Soriano Rodríguez*, 92 D.P.R. 46 (1965); *Pueblo* v. *Cosme Vargas*, 96 D.P.R. 836 (1969). Como se sabe, el Art. 408 proviene del Art. 459 del Código Penal de California; *Pueblo* v. *Medina Walker*, 90 D.P.R. 650, 652 (1964). Originalmente, en el derecho común anglo-sajón, el escalamiento consistía en *penetrar de noche* en una vivienda de otro con la intención de cometer delito grave. Ver *Pueblo* v. *Cosme*, supra, a la pág. 839, y el caso allí citado; McCormac, *"Development of The Law of Burglary in California"*, 25 So. Cal. L. Rev. 75 (1951).

El Art. 459 del Código Penal de California fue promulgado en aquel estado hace casi un siglo, en el 1872. Tal como fue redactado originalmente, la definición del delito de escalamiento incluía como un elemento esencial el que la penetración fuese de noche, incorporándose así el concepto del delito bajo el derecho común anglo-sajón. La eliminación, en California, de este elemento del delito no se dejó esperar mucho. Cuatro años después, en el 1875–76, se enmendó el Art. 459 suprimiéndose dicho requisito; y se derogó totalmente el Art. 460 que fijaba

El referido acusado, Jobino Reyes Bonilla, allá para el 22 de enero de 1968, y en Salinas, Puerto Rico, que forma parte de la jurisdicción del Distrito Judicial de Guayama, Puerto Rico, allí y entonces, dicho acusado, ilegal, voluntaria y maliciosamente, y con la intención de cometer hurto, como lo cometió, penetró en la casa residencia de Lucy Santiago de Arroyo, de donde sustrajo un reloj de mujer marca Bulova, de la propiedad de la mencionada Lucy Santiago de Arroyo."

la penalidad, dividiéndose el delito en dos grados: el primero, el que se cometía de noche; el segundo, el que se cometía de día. La penalidad para uno y otro grado fue fijada en el Art. 461 mediante la enmienda de que fue objeto en California en aquella ocasión. West's Annotated California Codes, secs. 459, 460, 461, págs. 33–146. Con esa nueva redacción se aprobaron los Arts. 408, 409 y 410, equivalentes respectivamente al 459, 460 y 461 de California cuando se promulgó nuestro Código en el año 1902.

Veintiún años antes de promulgado nuestro Código, la Corte Suprema de California, en el 1881, tuvo ante su consideración la convicción de un apelante por el delito de escalamiento en segundo grado, estando ya en vigor los cambios que se hicieron a los artículos del Código mencionado. Se había acusado al apelante de escalamiento sin que se especificara si la penetración había ocurrido de día o de noche. Sostuvo dicha Corte en *People* v. *Barnhart*, 59 Cal. Reports, 381 (1881), a la pág. 384, que dicha alegación no era necesaria:

"Leyendo las secciones del estatuto en conjunto, parece claro que fue la intención establecer un delito que se denomina 'escalamiento' (*burglary*), que consiste en penetrar con intención de cometer un delito grave o menos grave o ratería ya sea de noche o de día. Este delito envuelve dos grados—el penetrar con tal intención durante la noche, y el penetrar con la misma intención durante el día, mientras que el deber de determinar, a base de la evidencia, si el delito es escalamiento en primer o segundo grado, se le impone al tribunal o al jurado, ya sea la alegación de 'culpable' o 'no culpable'. Ya que para cubrir ambos grados la acusación no debe especificar que la penetración tuvo lugar de día o de noche, por consiguiente, la alegación debe ser general, sin tal especificación, y tal alegación debe ser interpretada como que imputa la penetración tanto durante el día como durante la noche. Así interpretada, si el tribunal o el jurado encuentran al acusado culpable de escalamiento, ya sea en primer o en segundo grado, se le encontrará culpable de un delito imputado en la acusación."

■ Nuestra Asamblea Legislativa tomó como modelos los artículos del Código Penal de California relativos al delito de escalamiento cuando promulgó nuestro Código en el año 1902. No encontramos justificación alguna para desviarnos de la regla general de hermenéutica que presume que el legislador de Puerto Rico adoptó dichos artículos con la interpretación que hasta la fecha de la adopción le había dado el tribunal más alto de California. *Pueblo* v. *Ramos*, 18 D.P.R. 993, 1001 (1912); *Corretjer* v. *Tribunal de Distrito*, 72 D.P.R. 754 (1951); *Pueblo* v. *Matos*, 83 D.P.R. 335, 339–342 (1961); *Pueblo* v. *Pacheco*, 83 D.P.R. 526, 530–531 (1961). Esa interpretación ha sido seguida en California hasta el presente. *People* v. *Collins*, 255 P.2d 59, 63 (1953); *People* v. *Martin*, 275 P.2d 635 (1954); *People* v. *Núñez*, 86 Cal. Reptr. 707 (1970). La misma parece ser la más justa y razonable pues permite al juzgador de hechos, en caso de abrigar duda razonable en cuanto al grado, darle al acusado el beneficio de la duda emitiendo un veredicto por el delito menor. *People* v. *Barnhart* (supra); *People* v. *Golembiewski*, 76 P.2d 717 (1938).

■ Resolvemos que la hora en que se comete el delito no es un elemento esencial del delito. La hora sólo afecta al grado, determinación ésta que le corresponde hacer al juzgador de los hechos. Los elementos esenciales del delito—penetración e intención específica de cometer hurto o ratería—le fueron informados al apelante mediante la acusación colocándolo en posición de defenderse. Eso es lo que se exige. Regla 35(c) de Procedimiento Criminal; *Pueblo* v. *Seda*, 82 D.P.R. 719 (1961). Las alegaciones de la acusación cumplen con los requisitos del Art. 408 del Código Penal, sin que la ausencia de alegación en cuanto a la hora en que se cometió violara el derecho del acusado a un debido procedimiento de ley.

*Se confirmará la sentencia apelada.*

El Juez Presidente, Señor Negrón Fernández, no intervino.