MARITZA CINTRÓN DÍAZ, ELVIN ROSADO HERNÁNDEZ, ETC., recurridos, *v.* THE RITZ CARLTON SAN JUAN SPA HOTEL & CASINO, peticionario.

*Número:* CC-2002-972    *Resuelto:* 26 de mayo de 2004

*José L. Rivero Verge*, abogado de la parte peticionaria; *Manuel Porro Vizcarra*, abogado de la parte recurrida.

EL JUEZ ASOCIADO SEÑOR FUSTER BERLINGERI emitió la opinión del Tribunal.

Tenemos la ocasión para determinar si la Ley Núm. 69 de 6 de julio de 1985 (29 L.P.R.A. sec. 1321 *et seq.*), que prohíbe el discrimen por razón de sexo en el empleo, establece sanciones al patrono por tomar represalias en contra de empleados que se han querellado sobre discrimen por razón de género *ante foros internos de la empresa*.

I

El 15 de septiembre de 1997 el demandante Elvin Rosado comenzó a trabajar en el Ritz Carlton San Juan Spa Hotel and Casino (Hotel). El 26 de noviembre de 1997 la demandante Maritza Cintrón Díaz también inició sus labores allí. Desde entonces, los demandantes referidos sostuvieron una relación sentimental abierta, conocida por la gerencia patronal. El 20 de septiembre de 2000 contrajeron matrimonio.

En mayo de 2000 los demandantes solicitaron al patrono que se les autorizara tomar sus vacaciones conjuntamente, para poder disfrutar así de su luna de miel, que sería en septiembre del mismo año.

El supervisor inmediato de los demandantes era el Sr. Julio Delgado (Delgado). Cerca de la fecha de la boda, Delgado solicitó a los demandantes que variaran el momento de sus vacaciones porque él interesaba ausentarse de Puerto Rico para ese tiempo. Los demandantes se negaron a hacerlo por los inconvenientes que tal cambio les causaba, sobre todo porque sus vacaciones estaban autorizadas y programadas desde mayo de 2000.

Por razón de lo anterior, Delgado comenzó una campaña de persecución y hostigamiento contra los demandantes, sometiéndolos a críticas injustificadas, amenazas de despido, cambios arbitrarios de sus horarios de trabajo y otras prácticas similares. *Como parte de dicha campaña, Delgado cuestionó la legalidad del matrimonio de los querellantes al alegar que la política del Hotel prohibía a éstos que estuviesen casados mientras trabajaban juntos en el Hotel.* Ello dio lugar a que los demandantes presentaran una querella contra Delgado en el departamento de recursos humanos de la empresa. En reacción a esta querella, Delgado tomó medidas de represalias, incrementó el acoso y el hostigamiento que había desplegado contra los demandantes y les privó de oportunidades de ascenso a otras po-

siciones en el Hotel que representaban un mayor rango y remuneración que las que éstos tenían. Los demandantes se quejaron nuevamente ante el departamento de recursos humanos del patrono, sin que éste actuara con respecto a dicha queja.

Ante el maltrato del supervisor y la inacción del departamento de recursos humanos de la compañía, el 17 de enero de 2002 Rosado y Cintrón presentaron una demanda por discrimen y represalias en contra del Hotel, al amparo de la Ley Núm. 115 de 20 de diciembre de 1991 (29 L.P.R.A. sec. 194 *et seq.*), conocida como la Ley de Represalias (Ley 115), y al amparo de la Ley Núm. 100 de 30 de junio de 1959, según enmendada, que prohíbe el discrimen en el empleo por razón de matrimonio, 29 L.P.R.A. sec. 146 *et seq.*

La demandada presentó oportunamente una moción de desestimación mediante la cual alegó que la Ley 115, que protege a los empleados que sufren represalias por parte de su patrono por haber acudido a un foro ejecutivo, administrativo o judicial a ofrecer información, no amparaba al empleado cuando éste alegaba haber sufrido represalias por haberse quejado sobre el particular ante *oficinas internas de la empresa.* El tribunal de instancia denegó la desestimación solicitada. El demandado entonces solicitó la revisión del referido dictamen ante el antiguo Tribunal del Circuito de Apelaciones. Éste revocó la resolución del tribunal de instancia y desestimó la acción. Aceptó la teoría del demandado de que la Ley 115 no protege al empleado cuando las represalias son motivadas por información ofrecida por el empleado al departamento de recursos humanos de la empresa. Así las cosas, los demandantes presentaron una moción de reconsideración mediante la cual se allanaron al pronunciamiento del tribunal y, en cambio, alegaron estar protegidos de represalias en su contra por el Art. 20 de la Ley Núm. 69, *supra*, titulado Despido por Razón de Sexo y Otras Prácticas Ilegales.

El foro apelativo rechazó el nuevo planteamiento y denegó la reconsideración solicitada. Inconformes con dicho dictamen, los demandantes acudieron ante nos y alegaron la comisión de los errores siguientes:

> 1. Erró el Tribunal de Circuito de Apelaciones al determinar que la [sic] el Artículo 20 de la Ley 69, supra, no provee una causa de acción para aquellos empleados que son víctimas de represalias luego de presentar una queja por discrimen ante el departamento de recursos humanos de su patrono.
> 2. Erró el Tribunal de Circuito de Apelaciones al no acoger la moción de reconsideración que presentara la aquí recurrente. Petición de *certiorari*, pág. 4.

El 7 de marzo de 2003 expedimos el recurso solicitado para revisar la sentencia dictada por el foro apelativo. El 30 de junio de 2003 la parte peticionaria presentó su alegato, y el 30 de julio de 2003 la parte recurrida presentó el suyo. Con el beneficio de sus comparecencias procedemos a resolver.

## II

La Ley 115 citada antes establece para el empleado una causa de acción en contra de su patrono cuando éste lo ha despedido, amenazado o sometido a algún discrimen en el empleo por haber ofrecido testimonio *ante un foro legislativo, administrativo o judicial. Guzmán y otros v. E.L.A.*, 156 D.P.R. 693 (2002); *Irizarry v. J & J Cons. Prods. Co., Inc.*, 150 D.P.R. 155 (2000).

El primer acápite de la Ley 115 expresamente señala lo siguiente sobre su propósito:

> Para disponer que todo empleado que fuere despedido, amenazado u objeto de discrimen en su cargo o empleo, por ofrecer testimonio ante un foro legislativo, administrativo o judicial, tenga una causa de acción en contra de su patrono. 1991 (Parte 1) Leyes de Puerto Rico 956.

Por otro lado, la Ley Núm. 69, *supra, que prohíbe el*

*discrimen por razón de sexo en el empleo*, contiene su propia disposición sobre represalias. Esta ley, al igual que otras leyes laborales, provee un esquema de indemnización[1] para el empleado cuando su patrono incurre en cualquiera de las prácticas vedadas por ella.

■   Ya antes habíamos indicado que la Ley Núm. 69, *supra*,

> ... no limita el ámbito de su extensión a una empresa, agencia o instrumentalidad en particular[. T]ampoco condiciona su aplicabilidad a la forma en que opere la gestión, privada o pública de un patrono o persona. *Rivera Briceño v. Rodríguez*, 129 D.P.R. 669, 677 (1991).

■   Específicamente, el Art. 20 de la referida Ley Núm. 69, en torno al cual gira la controversia de autos, dispone como sigue:

> Será práctica ilegal del trabajo, el que el patrono, organización obrera o comité conjunto obrero-patronal que controle programas de aprendizaje, adiestramiento o readiestramiento, incluyendo programas de adiestramiento en el empleo, despida o discrimine contra cualquier empleado o participante que *presente una queja o querella o que se oponga a prácticas discriminatorias o que participe en una investigación o proceso contra el patrono, organización obrera o comité conjunto obre-*

---

[1] "Toda persona, patrono y organización obrera según se definen en este título, que incurra en cualquiera de las prohibiciones del mismo:

"(a) Incurrirá en responsabilidad civil:

"(1) Por una suma igual al doble del importe de los daños que el acto haya causado al empleado o solicitante de empleo;

"(2) o por una suma no menor de cien dólares ($100) ni mayor de mil dólares ($1,000), a discreción del tribunal, si no se pudieren determinar daños pecuniarios;

"(3) el doble de la cantidad de los daños ocasionados si ésta fuere inferior a la suma de cien dólares ($100), y

"(b) incurrirá, además, en un delito menos grave y, convicto que fuere, será castigado con multa no menor de cien dólares ($100) ni mayor de quinientos dólares ($500), o cárcel por un término no menor de treinta (30) días ni mayor de noventa (90) días, o ambas penas, a discreción del tribunal.

"El tribunal en la sentencia que dicte en acciones civiles interpuestas bajo las precedentes disposiciones podrá ordenar al patrono que reponga en su empleo al empleado y que cese y desista del acto de que se trate." 29 L.P.R.A. sec. 1341.

*ro-patronal por prácticas discriminatorias.* (Énfasis suplido.) 29 L.P.R.A. sec. 1340.

La intención del legislador al incluir este artículo en la Ley Núm. 69, *supra*, puede deducirse claramente de su historial legislativo. La redacción original del proyecto de ley presentado el 13 de febrero de 1985 no contenía la presente disposición. Ésta fue añadida luego, según se detalla en la pág. 8 del Informe Conjunto de las Comisiones de Desarrollo Social y Cultural y de lo Jurídico sobre el P. del S. 130, presentado el 6 de mayo de 1985 ante el Senado de Puerto Rico, con el propósito de "prohibir *cualquier tipo* de represalias contra las personas que se amparen en esta Ley". (Énfasis suplido.)

Según surge claramente de lo anterior, la referida Ley Núm. 69 tiene mayor amplitud que la Ley 115 en lo que se refiere a las actividades protegidas. No se limita su alcance a represalias por haber acudido el empleado *ante foros gubernamentales*. Distinto a lo provisto por el Art. 2(a) de la Ley 115 (29 L.P.R.A. sec. 194(a)), el Art. 20 de la Ley Núm. 69, *supra*, le ofrece protección al indistintamente del foro donde acuda a querellarse o presente información contra el patrono. Dicho de otro modo, la protección de la Ley Núm. 69, *supra*, abarca las represalias sufridas por el empleado por acudir a algún foro, sea gubernamental o no, incluso los propios foros patronales.[2]

Al examinar las disposiciones de esta pieza de legislación laboral debemos tener en cuenta el reiterado principio de que se trata de un instrumento de justicia social y de carácter reparador, y como tal, debe ser interpretada en forma liberal para garantizar la mayor protección

_____

[2] También es claro que la Ley Núm. 69 de 6 de junio de 1985 (29 L.P.R.A. sec. 1321 *et seq.*) ofrece protección no sólo cuando el empleado acude a algún foro a querellarse, sino además cuando el empleado toma *otras acciones*, como participar en una investigación contra el patrono, manifestar oposición a prácticas discriminatorias, y otras.

de los derechos de los trabajadores. *Rosario v. Dist. Kikuet, Inc.*, 151 D.P.R. 634 (2000); *Acevedo v. P.R. Sun Oil Co.*, 145 D.P.R. 752 (1998); *Dorante v. Wrangler de P.R.*, 145 D.P.R. 408 (1998); *Vélez Rodríguez v. Pueblo Int'l, Inc.*, 135 D.P.R. 500 (1994); *Muñoz Hernández v. Policía de P.R.*, 134 D.P.R. 486 (1993); *Pacheco Pietri y otros v. E.L.A. y otros*, 133 D.P.R. 907 (1993).

## III

■    En repetidas ocasiones hemos resuelto que "en los casos donde una institución normativa vigente en Puerto Rico derive de determinada tradición jurídica, los precedentes de ésta tendrán valor persuasivo en nuestra jurisdicción". *Bruno López v. Motorplan, Inc. y otros*, 134 D.P.R. 111, 119 (1993). Véanse, además: *Pérez Maldonado v. J.R.T.*, 132 D.P.R. 972 (1993); *Pueblo v. Reyes Bonilla*, 100 D.P.R. 265 (1971).

Según su Exposición de Motivos, la Ley Núm. 69, *supra*, tiene su origen en el Título VII de la Ley Federal de Derechos Civiles de 1964. Conviene, pues, por ser pertinentes, referirnos a algunas decisiones de los tribunales federales sobre las disposiciones del Título VII equivalentes al Art. 20 de la Ley Núm. 69, *supra*, conocidas como las "antiretaliation clauses". Veamos.

El inciso (a) de la Sec. 704 del Título VII dispone:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter. 42 U.S.C.A. sec. 2000e–3(a).

Los tribunales federales han reconocido que el propósito de esta disposición es *proteger de represalias* al empleado que utiliza cualquiera de los medios que le ha provisto el Congreso para vindicar sus derechos. *Robinson v. Shell Oil*

*Co.*, 519 U.S. 337 (1997); *Hall v. Bodine Elec. Co.*, 276 F.3d 345 (7mo Cir. 2002); *Hunt v. Nebraska Public Power Dist.*, 282 F.3d 1021 (8vo Cir. 2002); *Griggs v. Duke Power Co.*, 401 U.S. 424 (1971); *Pettway v. American Cast Iron Pipe Company*, 411 F.2d 998 (5to Cir. 1969).

En lo que aquí nos concierne, como parte de la abundante jurisprudencia federal relativa a represalias laborales, se ha reconocido concretamente que una queja verbal informal a un superior o utilizar los procedimientos internos de la empresa constituyen actividades protegidas por el estatuto congresional. *Robbins v. Jefferson County School Dist. R-1*, 186 F.3d 1253 (10mo Cir. 1999). Por tal razón, el patrono responde si toma represalias contra el empleado por éste haber formulado la queja verbal o por haber utilizado los procedimientos internos de la empresa para oponerse a una práctica patronal ilícita. Asimismo, el envío de una carta al supervisor inmediato en la cual se alegue que un ascenso fue denegado debido al género del solicitante, también constituye una actividad protegida contra represalias patronales. *Sias v. City Demonstration Agency*, 588 F.2d 692 (9no Cir. 1978).

También, en *Hall v. Bodine Elec. Co.*, supra, el Tribunal de Apelaciones del Séptimo Circuito reconoció que el Título VII no sólo protege a los empleados de ciertas formas de discrimen, sino también de represalias por quejarse de u oponerse a esos tipos de discrimen.

De lo anterior es claro que en el ordenamiento jurídico federal, de donde procede nuestra propia Ley Núm. 69, *supra,* un empleado que acuda a un departamento o división interna de la empresa en que labora a presentar una queja de discrimen por razón de sexo en su empleo, tiene una causa de acción en contra del patrono si subsiguientemente es objeto de acciones adversas de parte de éste, sólo porque el empleado haya presentado tal queja.

## IV

Veamos ahora los hechos del presente caso a la luz de la normativa esbozada en los acápites anteriores.

Los peticionarios han alegado que por haber presentado una querella por discrimen por razón de matrimonio en el departamento de recursos humanos del patrono, su supervisor Delgado tomó medidas de represalias contra ellos y les privó de oportunidades de otras posiciones que les hubiesen representado mayor remuneración. Conducta patronal como la que aquí se ha alegado es precisamente la que está proscrita por el Art. 20 de la Ley Núm. 69, *supra*. Éste rige claramente aun en casos en que la queja del empleado que motivó las represalias se haya presentado ante un departamento interno de la empresa, como el departamento de recursos humanos del Hotel. Por ende, los peticionarios deben tener la oportunidad de probar sus alegaciones en un juicio plenario.

Por otro lado, la demandada alegó que la Ley Núm. 69, *supra*, protege exclusivamente a personas que han sido objeto de discrimen por razón de sexo, y excluye a quienes aleguen discrimen por razón de matrimonio. No tiene razón.

Este Tribunal ya ha expresado que el discrimen por razón de matrimonio es una forma de discrimen por razón de género. *Sostre Lacot v. Echlin of Puerto Rico, Inc.*, 126 D.P.R. 781 (1990). Véase, además, la Ley Núm. 116 de 20 de diciembre de 1991, que enmendó la Ley Núm. 100 de 30 de junio de 1959 (29 L.P.R.A. sec. 146 *et seq.*), para añadir la prohibición expresa del discrimen por razón de matrimonio, y que adopta en su memorial explicativo los pronunciamientos hechos en las opiniones siguientes: *Sostre Lacot v. Echlin of Puerto Rico*, supra, voto disidente del Juez Asociado Señor Negrón García; *Phillips v. Martin Marrieta Corp.*, 400 U.S. 542 (1971); *Sprogis v. United Air Lines, Inc.*, 444 F.2d 1194 (7mo Cir. 1971), *cert.* denegado,

404 U.S. 991; *Lansdale v. Air Line Pilots Association International*, 430 F.2d 1341 (5to Cir. 1970). En todos éstos se reconoce el discrimen por razón de matrimonio como una forma de discrimen por razón de sexo.

Por todo lo antes dicho, *procede que se dicte sentencia para revocar la emitida por el antiguo Tribunal del Circuito de Apelaciones el 24 de octubre de 2002. Se devuelve el caso al foro de instancia para la celebración de un juicio plenario conforme a lo aquí dispuesto.*

El Juez Asociado Señor Rebollo López concurrió sin opinión escrita. El Juez Asociado Señor Hernández Denton disintió por entender que, de los hechos alegados en la acción presentada en el caso de autos, no se configuró una reclamación al amparo de la Ley Núm. 69 de 6 de julio de 1985 (29 L.P.R.A. sec. 1321 *et seq.*), sobre discrimen por razón de sexo.