EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Maritza Cintrón Díaz, Elvin Rosado Hernández, etc.<br><br>　　Recurrida<br><br>　　　　v.<br><br>The Ritz Carlton San Juan Spa Hotel & Casino<br><br>　　Peticionaria | Certiorari<br><br>2004 TSPR 82<br><br>161 DPR \_\_\_\_ |

Número del Caso: CC-2002-972

Fecha: 26 de mayo de 2004

Tribunal de Circuito de Apelaciones:

　　　　　　Circuito Regional VII

Juez Ponente:

　　　　　　Hon. José L. Miranda de Hostos

Abogado de la Parte Peticionaria:

　　　　　　Lcdo. José L. Rivero Vergne


Abogados de la Parte Recurrida:

　　　　　　Lcdo. Manuel Porro Vizcarra
　　　　　　Lcda. Yesenia M. Varela Colón

Materia: Discrimen y Represalias, Proc. Sumario Ley 2 de 17 Oct.1961



Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EL TRIBUNAL SUPREMO DE PUERTO RICO

Maritza Cintrón Díaz,
Elvin Rosado Hernández
Etc.

    Recurrida

      vs.                            CC-2002-972   Certiorari

The Ritz Carlton San
Juan Spa Hotel & Casino

    Peticionaria

Opinión del Tribunal emitida por el Juez Asociado Señor Fuster Berlingeri

San Juan, Puerto Rico, a 26 de mayo de 2004.

Tenemos la ocasión para determinar si la Ley 69 del 6 de julio de 1985, 29 L.P.R.A. 1321 *et seq*, que prohíbe el discrimen por razón de sexo en el empleo, establece sanciones al patrono por tomar represalias en contra de empleados que se han querellado sobre discrimen por razón de género **ante foros internos de la empresa.**

I

El 15 de septiembre de 1997 el demandante Elvin Rosado comenzó a trabajar en el Ritz Carlton San Juan Spa Hotel and Casino (en adelante el Hotel). El 26 de noviembre de 1997 la demandante Maritza Cintrón Díaz también inició sus labores

allí. Desde entonces, los demandantes referidos sostuvieron una relación sentimental abierta, conocida por la gerencia patronal. El 20 de septiembre de 2000 contrajeron matrimonio.

En mayo de 2000 los demandantes solicitaron al patrono que se les autorizara tomar sus vacaciones conjuntamente, para poder disfrutar así de su luna de miel, que sería en septiembre del mismo año.

El supervisor inmediato de los demandantes era el señor Julio Delgado (en adelante Delgado). Cerca de la fecha de la boda, Delgado le solicitó a los demandantes que variaran el momento de sus vacaciones porque él interesaba ausentarse de Puerto Rico para ese tiempo. Los demandantes se negaron a hacerlo por los inconvenientes que tal cambio les causaba, sobre todo en vista de que sus vacaciones estaban autorizadas y programadas desde mayo de 2000.

Por razón de lo anterior, Delgado comenzó una campaña de persecución y hostigamiento contra los demandantes, sometiéndolos a críticas injustificadas, amenazas de despido, cambios arbitrarios de sus horarios de trabajo y otras prácticas similares. **Como parte de dicha campaña Delgado cuestionó la legalidad del matrimonio de los querellantes, alegando que la política del Hotel prohibía a éstos que estuviesen casados mientras trabajaban juntos en el Hotel.** Ello dio lugar a que los demandantes presentaran una querella contra Delgado en el departamento de recursos humanos de la empresa. En reacción a la querella aludida, Delgado tomó medidas de represalias, incrementando el acoso y el

hostigamiento que había desplegado contra los demandantes y privándolos de oportunidades de ascenso a otras posiciones en el Hotel que representaban un mayor rango y remuneración que las que éstos tenían. Los demandantes se quejaron nuevamente ante el departamento de recursos humanos del patrono, sin que éste actuara con respecto a dicha queja.

Ante el maltrato del supervisor y la inacción del departamento de recursos humanos de la compañía, el 17 de enero de 2002 Rosado y Cintrón presentaron una demanda por discrimen y represalias en contra del Hotel, al amparo de la Ley Núm. 115 de 20 de diciembre de 1991, 29 L.P.R.A. 194 *et seq.*, conocida como la Ley de Represalias (en adelante, la Ley 115); y al amparo de la Ley 100 de 30 de junio de 1959, según enmendada, que prohíbe el discrimen en el empleo por razón de matrimonio, 29 L.P.R.A. 146 *et seq*.

La demandada presentó oportunamente una moción de desestimación mediante la cual alegó que la Ley 115, que protege a los empleados que sufren represalias por parte de su patrono por haber acudido a un foro ejecutivo, administrativo o judicial a ofrecer información, no amparaba al empleado cuando éste alegaba haber sufrido represalias por haberse quejado sobre el particular ante **oficinas internas de la empresa**. El tribunal de instancia denegó la desestimación solicitada. El demandado entonces solicitó la revisión del referido dictamen ante el antiguo Tribunal del Circuito de Apelaciones. Este revocó la resolución del tribunal de instancia, y desestimó la acción. Aceptó la teoría del demandado de que la Ley 115 no protege al empleado cuando las

represalias son motivadas por información ofrecida por el empleado al departamento de recursos humanos de la empresa. Así las cosas, los demandantes presentaron una moción de reconsideración mediante la cual se allanaron al pronunciamiento del tribunal y, en cambio, alegaron estar protegidos de represalias en su contra por el Artículo 20 de la Ley 69 de 1985, titulado "Despido por razón de sexo y otras prácticas ilegales".

El foro apelativo rechazó el nuevo planteamiento y denegó la reconsideración solicitada. Inconformes con dicho dictamen, los demandantes acudieron ante nos y alegaron la comisión de los siguientes errores:

> "Erró el Tribunal del Circuito de Apelaciones al determinar que la [sic] el Artículo 20 de la Ley 69 no provee una causa de acción para aquellos empleados que son víctimas de represalias luego de presentar una queja por discrimen ante el departamento de recursos humanos de su patrono."

> "Erró en Tribunal de Circuito de Apelaciones al no acoger la moción de reconsideración que presentara la aquí recurrente."

El 7 de marzo de 2003 expedimos el recurso solicitado a fin de revisar la sentencia dictada por el foro apelativo. El 30 de junio de 2003 la parte peticionaria presentó su alegato y el 30 de julio de 2003 la parte recurrida presentó el suyo. Con el beneficio de sus comparecencias procedemos a resolver.


II

La Ley Núm. 115 citada antes establece para el empleado una causa de acción en contra de su patrono cuando éste lo ha despedido, amenazado o sometido a algún discrimen en el empleo por haber ofrecido testimonio **ante un foro legislativo,**

**administrativo o judicial**. Guzmán Cotto v. E.L.A., 156 D.P.R.

___, 2002 TSPR 59, 2002 JTS 65; Irizarry v. Johnson & Johnson

Consumer Products Co., (P.R.), Inc., 150 D.P.R. 155 (2000).

El primer acápite de la Ley 115 expresamente señala lo

siguiente sobre su propósito:

> Para disponer que todo empleado que fuere despedido, amenazado u objeto de discrimen en su cargo o empleo, por ofrecer testimonio ante un foro legislativo, administrativo o judicial, tenga una causa de acción en contra de su patrono.

Por otro lado, la Ley 69 de 6 de julio de 1985, **que

prohíbe el discrimen por razón de sexo en el empleo**, contiene

su propia disposición sobre represalias. Esta ley, al igual

que otras leyes laborales, provee un esquema de indemnización[1]

---

[1] Toda persona, patrono y organización obrera según se definen en este título, que incurra en cualquiera de las prohibiciones del mismo:

(a) Incurrirá en responsabilidad civil:

    (1) Por una suma igual al doble del importe de los daños que el acto haya causado al empleado o solicitante de empleo;

    (2) o por una suma no menor de cien dólares ($100) ni mayor de mil dólares ($1,000), a discreción del tribunal, si no se pudieren determinar daños pecuniarios;

    (3) el doble de la cantidad de los daños ocasionados si ésta fuere inferior a la suma de cien dólares ($100), y

(b) incurrirá, además, en un delito menos grave y, convicto que fuere, será castigado con multa no menor de cien dólares ($100) ni mayor de quinientos dólares ($500), o cárcel por un término no menor de treinta (30) días ni mayor de noventa (90) días, o ambas penas, a discreción del tribunal.

El tribunal en la sentencia que dicte en acciones civiles interpuestas bajo las precedentes disposiciones podrá

para el empleado cuando su patrono incurre en cualquiera de las prácticas vedadas por ella.

Ya antes habíamos indicado que la Ley 69, "no limita el ámbito de su extensión a una empresa, agencia o instrumentalidad en particular. [T]ampoco condiciona su aplicabilidad a la forma en que opere la gestión, privada o pública de un patrono o persona." Rivera Briceño v. Rodríguez, 129 D.P.R. 669 (1991).

Específicamente, el Artículo 20 de la referida Ley 69, en torno al cual gira la controversia de autos, dispone como sigue:

> Será práctica ilegal del trabajo, que el patrono, organización obrera o comité conjunto obrero patronal que controle programas de aprendizaje, adiestramiento o readiestramiento, incluyendo programas de adiestramiento en el empleo, despida o discrimine contra cualquier empleado o participante que **presente una querella o que se oponga a prácticas discriminatorias o que participe en una investigación o proceso contra el patrono, organización obrera o comité conjunto obrero-patronal por prácticas discriminatorias**. 29 L.P.R.A. sec. 1340.

La intención del legislador al incluir este artículo en la Ley 69 puede deducirse claramente de su historial legislativo. La redacción original del proyecto de ley presentado el 13 de febrero de 1985 no contenía la presente disposición. Esta fue añadida luego, según se detalla en la página 8 del Informe Conjunto de las Comisiones de Desarrollo Social y Cultural y de lo Jurídico sobre el P. del S. 130, presentado el 6 de mayo de 1985 ante el Senado de Puerto Rico,

---

ordenar al patrono que reponga en su empleo al empleado y que cese y desista del acto de que se trate. 29 L.P.R.A. sec. 1341.

con el propósito de "prohibir **cualquier tipo** de represalias contra las personas que se amparen en esta ley". (Énfasis nuestro).

Según surge claramente de lo anterior, la Ley 69 tiene mayor amplitud que la Ley 115 en lo que se refiere a las actividades protegidas. No se limita su alcance a represalias por haber acudido el empleado <u>ante foros gubernamentales</u>. Distinto a lo provisto por el Artículo 2(a) de la Ley 115, el Art. 20 de la Ley 69 le ofrece protección al empleado sin referencia alguna a cuál foro éste acudió a querellarse o presentar información contra el patrono. Dicho de otro modo, la protección de la Ley 69 abarca las represalias sufridas por el empleado por acudir a algún foro, sea gubernamental o no, incluyendo los propios foros patronales.[2]

Al examinar las disposiciones de esta pieza de legislación laboral debemos tener en cuenta el reiterado principio de que se trata de un instrumento de justicia social y de carácter reparador, y como tal, debe ser interpretada en forma liberal para garantizar la mayor protección de los derechos de los trabajadores y trabajadoras. <u>Rosario Toledo v. Distribuidora Kikuet</u>, 151 D.P.R. ___, 2000 TSPR 107, 2000 JTS 118; <u>Acevedo v. P.R. Sun Oil Co.</u>, 145 D.P.R. 752 (1998); <u>Dorante v. Wrangler de P.R.</u>, 145 D.P.R. 408 (1998); <u>Vélez Rodríguez v. Pueblo International, Inc.</u>, 135 D.P.R. 500

---

[2] También es claro que la Ley 69 ofrece protección no sólo cuando el empleado acude a algún foro a querellarse sino además cuando el empleado toma <u>otras acciones</u>, como participar en una investigación contra el patrono, manifestar oposición a prácticas discriminatorias, y otras.

(1994); Muñoz Hernández v. Policía de P.R., 134 D.P.R. 486 (1993); Pacheco Pietri v. E.L.A., 133 D.P.R. 907 (1993).

III

En repetidas ocasiones hemos resuelto que "en los casos donde una institución normativa vigente en Puerto Rico derive de determinada tradición jurídica, los precedentes tendrán valor persuasivo en nuestra jurisdicción". Bruno v. Motorplan, 134 D.P.R. 111 (1993); Pérez Maldonado v. J.R.T., 132 D.P.R. 972 (1993); Pueblo v. Reyes Bonilla, 100 D.P.R. 265 (1971).

Según su Exposición de Motivos, la Ley 69 tiene su origen en el Título VII de la Ley Federal de Derechos Civiles de 1964. Conviene, pues, por ser pertinentes, referirnos a algunas decisiones de los tribunales federales sobre las disposiciones del Título VII equivalentes al Artículo 20 de la Ley 69, conocidas como las "anti-retaliation clauses", que se encuentran en la sec. 704(a), 42 U.S.C. sec. 2000e-3(a). Veamos.

El inciso (a) de la referida Sec. 704 dispone:

It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment,…, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

Los tribunales federales han reconocido que el propósito de esta disposición es **proteger de represalias** al empleado que utiliza cualquiera de los medios que le ha provisto el Congreso para vindicar sus derechos. Robinson v. Shell Oil Co., 519 U.S. 337 (1997); Hall v. Bodine Elec., 276 F3d 345

(7mo Cir. 2002); Hunt v. Nebraska Public Power District, 282 F3d 1021 (8vo Cir. 2002); Griggs v. Duke Power Co., 401 U.S. 424, (1971); Pettway v. American Cast Iron Pipe Co., 411 F2d 998 (5to Cir. 1969).

En lo que aquí nos concierne, como parte de la abundante jurisprudencia federal relativa a represalias laborales, se ha reconocido concretamente que una queja verbal informal a un superior o el utilizar los procedimientos internos de la empresa constituyen actividades protegidas por el estatuto congresional. Robbins v. Jefferson Cty. School Dist., 186 F3d 1253 (10mo Cir. 1999), de modo tal que el patrono responde si toma represalias contra el empleado por haber éste formulado la queja verbal o utilizado los procedimientos internos de la empresa para oponerse a una práctica patronal ilícita. Así mismo, el envío de una carta al supervisor inmediato alegando que un ascenso fue denegado debido al género del solicitante también constituye una actividad protegida contra represalias patronales. Sias v. City Demonst. Agency, 588 F2d 692 (9no Cir. 1978).

También, en Hall v. Bodine, *supra*, el Tribunal de Apelaciones del Séptimo Circuito reconoció que el Título VII no sólo protege a los empleados de ciertas formas de discrimen, sino también de represalias por quejarse de u oponerse a esos tipos de discrimen.

De lo anterior, es claro que en el ordenamiento jurídico federal, de donde procede nuestra propia Ley 69, un empleado que acuda a un departamento o división interna de la empresa en que labora a presentar una queja de discrimen por razón de

sexo en su empleo, tiene una causa de acción en contra del patrono si subsiguientemente es objeto de acciones adversas de parte de este, sólo porque el empleado presentó tal queja.

IV

Veamos ahora los hechos del presente caso a la luz de la normativa esbozada en los acápites anteriores.

Los peticionarios han alegado que por haber presentado una querella por discrimen por razón de matrimonio en el departamento de recursos humanos del patrono, su supervisor Delgado tomó medidas de represalias contra ellos y les privó de oportunidades de otras posiciones que les hubiesen representado mayor remuneración. Conducta patronal como la que aquí se ha alegado es precisamente la que está proscrita por el Artículo 20 de la Ley 69, 29 L.P.R.A. 1340. Este rige claramente aun en casos en que la queja del empleado que motivó las represalias, se presentó ante un departamento interno de la empresa, como el departamento de recursos humanos del Hotel. Por ende, los peticionarios deben tener la oportunidad de probar sus alegaciones en un juicio plenario.

Por otro lado, la demandada alegó que la Ley 69 protege exclusivamente a personas que han sido objeto de discrimen por razón de sexo, quedando de tal modo fuera de su amparo quienes aleguen discrimen por razón de matrimonio. No tiene razón.

Este Tribunal ya ha expresado que el discrimen por razón de matrimonio es una forma de discrimen por razón de género. Sostre Lacot v. Echlin of Puerto Rico, 126 D.P.R. 781 (1990). *Véase además* la Ley 116 de 20 de diciembre de 1991, que

enmendó la Ley 100 de 30 de junio de 1959, 29 L.P.R.A. sec. 146 *et seq*, para añadir la prohibición expresa del discrimen por razón de matrimonio, y que adopta en su memorial explicativo los pronunciamientos hechos en <u>Sostre Lacot v. Echlin of Puerto Rico</u>,(voto disidente Negrón Gracía, J.); y <u>Phillips v. Martín Marrieta Corp.</u>, 400 U.S. 542 (1971); <u>Sprogis v. United Airlines, Inc.</u>, 444 F2d 1194 (7mo Cir. 1971), cert. denegado en 404 U.S. 991; <u>Lanzadle v. Air Line Pilots Asso. Int'l</u>, 430 F2d 1341 (5to Cir. 1970), en que se reconoce el discrimen por razón de matrimonio como una forma de discrimen por razón de sexo.

Por todo lo antes dicho, procede que se dicte sentencia para revocar la del 24 de octubre de 2002 emitida por el antiguo Tribunal del Circuito de Apelaciones y para devolver el caso al foro de instancia, para la celebración de un juicio plenario allí, conforme a lo aquí dispuesto.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Maritza Cintrón Díaz,
Elvin Rosado Hernández
Etc.

    Recurrida

      vs.                 CC-2002-972

    Certiorari

The Ritz Carlton San
Juan Spa Hotel & Casino

    Peticionaria

SENTENCIA

San Juan, Puerto Rico, a 26 de mayo de 2004.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se revoca la Sentencia del 24 de octubre de 2002 emitida por el antiguo Tribunal del Circuito de Apelaciones y se devuelve el caso al foro de instancia, para la celebración de un juicio plenario allí, conforme a lo aquí dispuesto.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López concurre sin opinión escrita. El Juez Asociado señor Hernández Denton disiente por entender que, de los hechos alegados en la acción presentada en el caso de autos, no se configuró una reclamación al amparo de la Ley Núm. 69 de 6 de julio de 1985 sobre discrimen por razón de sexo, 29 L.P.R.A. sec. 1321 *et seq*.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo