EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Gretchen Caballer Rivera<br><br>Peticionaria<br><br>v.<br><br>Nidea Corporation D/B/A "Adriel Toyota"; Nelson Irizarry, Héctor Rubert, Nicolás Amaro Y Fulano de Tal<br><br>Recurridos | Certiorari<br><br>2018 TSPR 65<br><br>200 DPR ____ |

Número del Caso: CC-2015-888

Fecha: 19 de abril de 2018

Tribunal de Apelaciones:
        Región Judicial de Aibonito, Arecibo y Fajardo

Abogados de la peticionaria:
        Lcdo. José Juan Nazario De la Rosa
        Lcdo. Rafael Ortiz Mendoza

Abogados de la recurrida:
        Lcdo. Víctor Rivera Torres
        Lcdo. Víctor Rivera Ríos

Materia: Derecho laboral: Los agentes y supervisores de un patrono no son responsables en su carácter personal por actos de represalia al amparo de las Leyes Núm. 69 de 6 de julio de 1985 y Núm. 17 de 22 de abril de 1988.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Gretchen Caballer Rivera

       Peticionaria

                    CC-2015-0888
        v.

Nidea Corporation D/B/A "Adriel Toyota"; Nelson Irizarry, Hector Rubert, Nicolás Amaro y Fulano de Tal

       Recurridos

Opinión del Tribunal emitida por el Juez Asociado señor MARTÍNEZ TORRES.

En San Juan, Puerto Rico, a 19 de abril de 2018.

Nos corresponde determinar si los agentes y supervisores de un patrono son responsables en su carácter personal por actos de represalia al amparo de las Leyes Núm. 69, _infra_, y Núm. 17, _infra_. Por las razones que exponemos a continuación, resolvemos que nuestro ordenamiento no provee para ello.

I

La Sra. Gretchen Caballer Rivera fue empleada de Nidea Corporation h/n/c Adriel Toyota (Nidea) desde el 18 de junio de 2012 hasta el 8 de enero de 2014. El 23 de mayo de 2014, presentó una querella contra Nidea y los señores Nelson Irizarry, Héctor Rubert y Nicolás Amaro por hostigamiento sexual en

en el empleo, discrimen por razón de sexo, represalias y despido injustificado. En la querella, la señora Caballer Rivera arguyó que tenía causas de acción al amparo de las Leyes Núm. 115, infra, Núm. 69, infra, y Núm. 17, infra, entre otras disposiciones legales. Alegó que durante el 2013, comenzó a ser hostigada sexualmente por el señor Irizarry, quien era el gerente de financiamiento del concesionario. Manifestó que el señor Irizarry le impuso como condición de empleo que se sometiera a sus acercamientos sexuales. Indicó que una vez le solicitó al señor Irizarry que desistiera de los actos, este comenzó un patrón de acoso laboral y represalias en su contra. Asimismo, sostuvo que los co-querellados Héctor Rubert (gerente general de "Adriel Auto" en Barranquitas) y Nicolás Amaro (propietario de Nidea) tomaron represalias en su contra una vez se quejó de la conducta de hostigamiento sexual incurrida por el señor Irizarry. También incluyó en su reclamación por represalias a Nidea como su patrono.

Luego de varios trámites procesales, el 20 de junio de 2014, los señores Rubert y Amaro presentaron una moción de desestimación en la que alegaron que no eran responsables civilmente, porque no incurrieron en actos de hostigamiento sexual. Arguyeron que incluso tomando como ciertos los hechos alegados por la señora Caballer Rivera, el ordenamiento, y en particular la Ley Núm. 115, infra, no provee una causa de acción por represalias contra la persona

que incurre en esa conducta, sino solo contra el patrono del empleado querellante.

El 8 de enero de 2015, el foro primario emitió una sentencia parcial en la que determinó que las alegaciones de la querella no demuestran que la señora Caballer Rivera tenga derecho a remedio alguno contra los señores Rubert y Amaro. Expresó que para que un supervisor, oficial o agente de una empresa pueda responder civilmente en su carácter personal ante un empleado que ha sido víctima de hostigamiento sexual, este debió haber sido el autor de la conducta hostigante, conforme a Rosario v. Dist. Kikuet, Inc., 151 DPR 634 (2000). Por otro lado, indicó que la Ley de Represalias, Ley Núm. 115, infra, expresa que toda causa de acción se presentará en contra del patrono. Ya que la alegación de la señora Caballer Rivera contra los señores Rubert y Amaro fue solo por actos de represalia, el foro de primera instancia desestimó la querella en contra de estos al amparo de la Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1. La peticionaria Caballer Rivera solicitó la reconsideración del dictamen. El tribunal proveyó no ha lugar.

Inconforme, la señora Caballer Rivera presentó una petición de certiorari ante el Tribunal de Apelaciones. Alegó que el Tribunal de Primera Instancia determinó erróneamente que no tenía derecho a remedio alguno contra los señores Rubert y Amaro, no solo bajo la Ley Núm. 115, infra, sino tampoco bajo otras leyes laborales, como las Leyes Núm. 69, infra, y Núm. 17, infra.

El foro apelativo intermedio reiteró el análisis del foro primario. Notificó una Sentencia en la que confirmó la sentencia parcial del Tribunal de Primera Instancia. Posteriormente, declaró no ha lugar una moción de reconsideración que presentó la señora Caballer Rivera.

Insatisfecha, el 22 de octubre de 2015, la señora Caballer Rivera presentó una petición de certiorari ante nos. Señaló que el Tribunal de Apelaciones erró al determinar que no tenía derecho a remedio alguno contra los señores Rubert y Amaro bajo las Leyes Núm. 115, infra, Núm. 69, infra, y Núm. 17, infra, ya que estos no incurrieron en actos de hostigamiento sexual.

Presentada la petición de certiorari, emitimos una orden para que la parte recurrida mostrara causa por la cual no debíamos revocar al foro apelativo intermedio. Examinada su comparecencia, expedimos el recurso y resolvemos.

II

La Ley Núm. 69 de 6 de julio de 1985, 29 LPRA sec. 1321 et seq., fue adoptada en nuestro ordenamiento para prohibir de forma específica el discrimen en el empleo por razón de sexo. El Art. 3 de esta ley, 29 LPRA sec. 1323, prohíbe que un patrono tome una decisión laboral adversa sobre una persona por razón de su sexo.

Por otro lado, el hostigamiento sexual en el empleo está proscrito por la Ley Núm. 17 de 22 de abril de 1988, 29 LPRA sec. 155 et seq. Este estatuto se adoptó para fortalecer la legislación vigente sobre hostigamiento sexual de forma

que este aspecto particular del discrimen por razón de sexo fuese prohibido expresamente y ello quedase claramente establecido como política pública. *Informe Conjunto del P. del S. 1437*, 10ma Asam. Leg., 4ta Sesión Ordinaria (23 de marzo de 1988), pág. 9. El Art. 3 de esta medida, 29 LPRA sec. 155(b), prohíbe cualquier tipo de acercamiento sexual no deseado en el empleo, requerimiento de favores sexuales y cualquier otra conducta verbal o física de naturaleza sexual que interfiera con el trabajo de una persona, constituya un ambiente intimidante u ofensivo, o cuya aceptación o rechazo se utilice como fundamento para emplear a una persona o incidir sobre sus condiciones de trabajo.

Estas leyes de naturaleza indemnizatoria forman parte de un esquema legislativo dirigido a implantar la política pública del Estado contra el discrimen por razón de sexo. *Suárez Ruiz v. Figueroa Colón*, 145 DPR 142, 148-149 (1998). Para asegurar su efectividad, ambas leyes le imponen deberes afirmativos al patrono. Así también, contienen disposiciones específicas que prohíben las represalias. Las prohibiciones contra las represalias sirven para imprimirle efectividad a los estatutos y asegurarse de que el patrono no pueda utilizar la coacción, intimidación o la necesidad económica de la víctima de discrimen u hostigamiento sexual para impedir la acción en su contra.

El Art. 20 de la Ley Núm. 69, 29 LPRA sec. 1340, dispone que

> [s]erá práctica ilegal del trabajo, el que el patrono, organización obrera o comité conjunto

obrero-patronal que controle programas de aprendizaje, adiestramiento o readiestramiento, incluyendo programas de adiestramiento en el empleo, despida o discrimine contra cualquier empleado o participante que presente una queja o querella o que se oponga a prácticas discriminatorias o que participe en una investigación o proceso contra el patrono, organización obrera o comité conjunto obrero-patronal por prácticas discriminatorias.

A los fines de establecer la responsabilidad civil por violar las disposiciones de la Ley Núm. 69, supra, el Art. 21, 29 LPRA sec. 1341, establece que

> [t]oda persona, patrono y organización obrera según se definen en este capítulo, que incurra en cualquiera de las prohibiciones del mismo:
> (a) Incurrirá en responsabilidad civil.
>
> . . .

Por otra parte, el Art. 9 de la Ley Núm. 17, 29 LPRA sec. 155(h), dispone lo siguiente:

> Un patrono será responsable bajo las disposiciones de las secs. 155 a 155m de este título cuando realice cualquier acto que tenga el resultado de afectar adversamente las oportunidades, términos y condiciones de empleo de cualquier persona que se haya opuesto a las prácticas del patrono que sean contrarias a las disposiciones de las secs. 155 a 155m de este título, o que haya radicado una querella o demanda, haya testificado, colaborado o de cualquier manera haya participado en una investigación, procedimiento o vista que se inste al amparo de las secs. 155 a 155m de este título.

Entonces, para establecer la responsabilidad civil por infringir las disposiciones de esta medida, el Art. 11 de la Ley Núm. 17, 29 LPRA sec. 155(j), establece que "[t]oda persona responsable de hostigamiento sexual en el empleo, según se define en las secs. 155 a 155m de este título, incurrirá en responsabilidad civil".

III

La controversia en este caso nos requiere auscultar si el legislador tuvo la intención de responsabilizar en su carácter personal a los agentes y supervisores de un patrono por actos de represalia bajo las Leyes Núm. 69, supra, y Núm. 17, supra. Por ello, debemos determinar si, con respecto a las disposiciones sobre represalias en estos estatutos, el concepto "patrono" debe interpretarse de manera que se incluyan a los agentes, oficiales y supervisores, entre otras personas que forman parte de la empresa.

La Ley Núm. 69 define "patrono" como "toda persona natural o jurídica que emplee obreros, trabajadores o empleados, y al jefe, funcionario, agente, oficial, gestor, administrador, superintendente, capataz, mayordomo o representante de dicha persona natural o jurídica". Ley Núm. 69, 29 LPRA sec. 1322.

Esta definición es amplia. No obstante, como bien indica el Art. 2 de esta ley, las definiciones aplican "para propósitos de este Capítulo y salvo cuando resultaren manifiestamente incompatibles con los fines de éste". Íd. Por eso, no siempre que la ley mencione "patrono" se referirá a lo mismo. En cada artículo que se menciona "patrono", debe evaluarse la naturaleza de la responsabilidad o la prohibición impuesta para saber a qué componentes de esa definición amplia le aplica la responsabilidad o la prohibición.

Por otro lado, el inciso (2) del Art. 2 de la Ley Núm. 17, 29 LPRA sec. 155(a)(2), define patrono como

> toda persona natural o jurídica de cualquier índole, el Gobierno del Estado Libre Asociado de Puerto Rico, incluyendo cada una de sus tres Ramas y sus instrumentalidades o corporaciones públicas, los gobiernos municipales y cualquiera de sus instrumentalidades o corporaciones municipales, que con ánimo de lucro o sin él, emplee personas mediante cualquier clase de compensación y sus agentes y supervisores. Incluye, además, las organizaciones obreras y otras organizaciones, grupos o asociaciones en las cuales participan empleados con el propósito de gestionar con los patronos sobre los términos y condiciones de empleo, así como las agencias de empleo.

Al igual que la Ley Núm. 69, _supra_, la Ley Núm. 17, _supra_, contiene disposiciones en las que "patrono" debe ser interpretado de manera limitada. Por ejemplo, mediante el Art. 6, 29 LPRA sec. 155(e), este estatuto impone responsabilidad al patrono "por los actos de hostigamiento sexual entre empleados en el lugar de trabajo si el patrono o sus agentes o sus supervisores sabían o debían estar enterados de dicha conducta, a menos que el patrono pruebe que tomó una acción inmediata y apropiada para corregir la situación". Así también, el Art. 10, _íd._ sec. 155(i), impone al patrono el deber de mantener el centro de trabajo libre de hostigamiento sexual e intimidación, así como de darle publicidad adecuada a su política contra el hostigamiento en el trabajo, y establecer procedimientos internos adecuados y efectivos para atender reclamaciones de hostigamiento.

Claramente, en ocasiones el legislador utilizó "patrono" para referirse únicamente al patrono como empleador. En esos contextos, se excluyen los agentes y

supervisores, pues la ley se refiere a deberes que le corresponden al empleador o a actos que solo pueden ser cometidos por este. Así, el sujeto responsable varía dependiendo de la conducta proscrita. Esa diferencia es crucial al analizar las disposiciones sobre represalias.

IV

En Rosario v. Dist. Kikuet, Inc., supra, la controversia giraba en torno a si al amparo de las Leyes Núm. 69, supra, Núm. 17, supra y Núm. 100 de 30 de junio de 1959, 29 LPRA sec. 146 et seq., el dueño y supervisor de una compañía podía responder en su carácter personal por los actos de hostigamiento sexual que él alegadamente cometió. Allí resolvimos que un supervisor era "patrono" y que, por lo tanto, existía una causa de acción personal contra este por sus propios actos de hostigamiento sexual. Esta conclusión se basó, en parte, en una interpretación extensiva del lenguaje en el Art. 11 de la Ley Núm. 17, 29 LPRA sec. 155(j). Esa disposición establece que "[t]oda persona responsable de hostigamiento sexual en el empleo según se define en las secs. 155 a 155m de este título, incurrirá en responsabilidad civil". Íd.

El Tribunal también basó su determinación en que se pretendía evitar que, por un lado, el patrono real —o sea, el dueño de la empresa— se[a] el único responsable de los actos de hostigamiento sexual realizados por sus supervisores, oficiales, administradores y agentes, y por otro lado, darle inmunidad a éstos a pesar de ser los autores

directos del daño. Rosario v. Dist. Kikuet, Inc., supra, págs. 644-645.

En esa ocasión, no fue necesario que realizáramos un análisis en cuanto a las demás prohibiciones que establecen los distintos artículos de la Ley Núm. 17, supra, pues los hechos particulares de Rosario v. Dist. Kikuet, Inc., supra, eran exclusivamente sobre conducta constitutiva de hostigamiento sexual. Así, no quedó establecido que esa interpretación extensiva del Art. 11, supra, aplicara de la misma manera a la disposición sobre represalias en la Ley Núm. 17, supra. Por ello, a los fines de aplicar la normativa de Rosario v. Dist. Kikuet, Inc., supra, al presente caso, debemos distinguir entre actos de hostigamiento sexual y actos de represalia.

En el hostigamiento sexual, el autor siempre es quien lleva a cabo los actos. La acción personal contra el hostigador se debe a que este cometió los actos, y la acción contra el patrono se debe a que conocía o debió haber conocido de la situación y no tomó medidas para corregirla.

En cambio, los actos de represalia siempre constituyen acciones cometidas por el patrono como empleador (patrono real). Cuando se trata de represalias, un supervisor, oficial, administrador o agente lleva a cabo acciones bajo el poder que le confirió el patrono real. El patrono real es el único autor, pues los actos de represalia son suyos, independientemente de quién los lleva a cabo a su nombre o siguiendo sus instrucciones. No podría ser de otra manera

pues, distinto al hostigamiento sexual, los motivos o intereses individuales del agente no alteran el análisis. Lo relevante es que el agente está ejerciendo el poder que su patrono le delegó. Este último es el responsable porque "en última instancia, es el patrono quien tiene el poder de decidir la condición laboral de un empleado". Santiago Nieves v. Braulio Agosto Motors, 197 DPR 369, 380 (2017).

Nuestro razonamiento encuentra apoyo en el Informe Conjunto de la Ley Núm. 17, el cual dispone que

> **el agente es aquella persona con una autoridad tan absoluta para tomar decisiones en nombre del patrono que se constituye en un *alter ego* de este y para todo efecto práctico equivale a una actuación del propio patrono....** [E]s necesario un grado de control o autoridad de la naturaleza antes expuesta para que se le pueda considerar como agente. Informe Conjunto del P. del S. 1437, supra, pág. 13. (Énfasis nuestro.)

Es ese "grado de control o autoridad" el que le otorga facultad a un agente para tomar acciones que resulten adversas a un empleado pues, para llevarlas a cabo, necesariamente debe tener poder sobre el empleado agraviado. Las acciones discriminatorias provenientes de una persona sin control sobre el empleo de otro podrían ser actos constitutivos de hostigamiento o discrimen. En cambio, esos mismos actos realizados contra un subordinado, luego de que ese subordinado haya presentado una queja, podrían constituir represalias. En ese sentido, la relación de poder es crucial. Ese poder siempre proviene del patrono real, aun cuando un agente o supervisor tenga plena libertad para ejercerlo.

Distinto es el caso del hostigamiento sexual. Cualquier **persona** podría hostigar sexualmente a otra dentro del ambiente laboral, independientemente del grado de control o autoridad que ostente.

En Santiago Nieves v. Braulio Agosto Motors, supra, atendimos la interrogante de si la Ley Núm. 115 de 20 de diciembre de 1991, 29 LPRA secs. 194 et seq., permite una causa de acción de carácter personal contra el dueño de una compañía y su presidenta, por cometer actos de represalia contra un empleado. Ningún análisis razonable de lo resuelto en ese caso nos llevaría a concluir que la imposición de responsabilidad civil a "toda persona" en las Leyes Núm. 69, supra, y Núm. 17, supra, se extiende a las disposiciones contra las represalias en estas mismas leyes. La distinción principal que realizamos en Santiago Nieves v. Braulio Agosto Motors, supra, entre la Ley Núm. 17, supra, y la Ley Núm. 115, supra, para diferenciarlo de lo resuelto en Rosario v. Dist. Kikuet, Inc., supra, no se limitó al asunto textual de "toda persona" o "todo patrono". Lo esencial es, en el fondo, quién tiene la capacidad para cometer el acto proscrito. Con esa interpretación "se asegura que la responsabilidad contemplada recae sobre la entidad con la verdadera capacidad de tomar represalias". Santiago Nieves v. Braulio Agosto Motors, supra, pág. 383. Así, el patrono, como sujeto con control pleno sobre la situación laboral del empleado, será responsable bajo la ley por la conducta de sus agentes. Íd.

En este caso, Nidea es el patrono de la señora Caballer Rivera para fines de incoar una reclamación civil por represalias bajo las Leyes Núm. 69, supra, y Núm. 17, supra. Ya que los señores Rubert y Amaro son agentes de Nidea, no proceden las reclamaciones por represalias contra estos.

V

Por los fundamentos antes expuestos, se confirma la determinación del Tribunal de Apelaciones. El foro apelativo intermedio actuó correctamente al resolver que no existe una causa de acción personal contra los agentes y supervisores de un patrono por actos de represalia al amparo de las Leyes Núm. 69, supra, y Núm. 17, supra. Según las disposiciones contra las represalias en estos estatutos, responde el patrono y no sus agentes y supervisores en su carácter personal. Se devuelve el caso al Tribunal de Primera Instancia para que continúen los procedimientos conforme a lo aquí resuelto.

RAFAEL L. MARTÍNEZ TORRES
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Gretchen Caballer Rivera<br><br>    Peticionaria<br><br><br>        v.<br><br>Nidea Corporation D/B/A "Adriel Toyota"; Nelson Irizarry, Hector Rubert, Nicolás Amaro y Fulano de Tal<br><br>    Recurridos | CC-2015-0888 | |

SENTENCIA

En San Juan, Puerto Rico, a 19 de abril de 2018.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de esta Sentencia, se confirma la determinación del Tribunal de Apelaciones. El foro apelativo intermedio actuó correctamente al resolver que no existe una causa de acción personal contra los agentes y supervisores de un patrono por actos de represalia al amparo de las Leyes Núm. 69, supra, y Núm. 17, supra. Según las disposiciones contra las represalias en estos estatutos, responde el patrono y no sus agentes y supervisores en su carácter personal. Se devuelve el caso al Tribunal de Primera Instancia para que continúen los procedimientos conforme a lo aquí resuelto.

Lo acordó el Tribunal y lo certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez emitió una opinión disidente a la cual se unió la Juez Asociada señora Rodríguez Rodríguez. El Juez Asociado señor Rivera García emitió una opinión disidente. El Juez Asociado señor Estrella Martínez no interviene.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Gretchen Caballer Rivera

    Peticionaria

        v.

Nidea Corporation D/B/A "Adriel Toyota"; Nelson Irizarry, Héctor Rubert, Nicolás Amaro y Fulano de Tal

    Recurridos

CC-2015-0888

Certiorari

Opinión disidente que emitió la Jueza Presidenta ORONOZ RODRÍGUEZ a la cual se une la Juez Asociada señora RODRÍGUEZ RODRÍGUEZ

En San Juan, Puerto Rico, a 19 de abril de 2018.

Una Mayoría de este Tribunal resuelve que está prohibido presentar una reclamación al amparo de las Leyes Núm. 69-1985, infra, y Núm. 17-1988, infra, contra el agente de un patrono, en su carácter personal, cuando este incurre en actos de represalia. Al resolver así, ignora la letra de la ley y su jurisprudencia interpretativa. Asimismo, ampara con impunidad civil al actor que toma represalias. Por los fundamentos que expongo a continuación, disiento.

I

La Sra. Gretchen Caballer Rivera se querelló contra Nidea Corporation y los señores Nelson Irizarry, Héctor Rubert y Nicolás Amaro. Reclamó que,

tras laborar varios años para Nidea Corporation, se le despidió injustificadamente y que durante los años que trabajó allí fue objeto de hostigamiento sexual, discrimen por razón de sexo y represalias por parte de los querellados. En esencia, alegó que, mientras se desempeñó como Ejecutiva de Ventas del concesionario de vehículos "Adriel Auto" en Barranquitas, fue víctima de hostigamiento sexual por parte del coquerellado Nelson Irizarry (gerente a cargo de financiamiento). Además, sostuvo que los coquerellados Héctor Rubert (gerente general de "Adriel Auto" en Barranquitas) y Nicolás Amaro (dueño de Nidea Corporation) tomaron represalias en su contra cuando se quejó de la conducta de hostigamiento sexual del señor Irizarry.

Los coquerellados Rubert y Amaro solicitaron la desestimación de las reclamaciones presentadas en su contra. Según éstos, aun tomando como ciertos los hechos alegados por la querellante, el ordenamiento no permite accionar contra la persona que incurre en actos de represalia, sino solo contra el patrono real del empleado querellante. Además, adujeron que, si no hay reclamación de hostigamiento sexual contra ellos, procede la desestimación de la querella.

El Tribunal de Primera Instancia acogió la solicitud y desestimó la querella en cuanto a los promoventes. Concluyó que las Leyes Núm. 115-1991, infra, y Núm. 17-1988, infra, solo imponen  responsabilidad civil al **patrono**, y no a los

agentes u oficiales de este en su carácter personal. Mencionó además que, como excepción, este Tribunal en Rosario v. Dist. Kikuet, Inc., infra, impuso responsabilidad civil al dueño de una compañía por sus propios actos de hostigamiento sexual. Bajo esta normativa, el foro primario concluyó que el único escenario en el que podrían ser responsables los coquerellados Rubert y Amaro sería si estos hubiesen sido autores del hostigamiento. Dado que la señora Caballer Rivera solo imputó actos de represalia a los coquerellados en su carácter personal, el foro de instancia desestimó la querella en su contra.

En desacuerdo, la señora Caballer Rivera apeló la sentencia. Señaló que el foro primario erró al determinar que no tenía derecho a remedio alguno contra Rubert y Amaro al amparo de la Ley Núm. 115-1991, infra, ni de otras leyes laborales, como las Leyes Núm. 69-1985, infra, y Núm. 17-1988, infra. Sin embargo, el Tribunal de Apelaciones confirmó el dictamen del foro primario.

Inconforme aún, la señora Caballer Rivera interpuso un recurso de *certiorari* ante este Tribunal. Examinada su petición, emitimos una orden para que la parte recurrida mostrara causa por la cual no debíamos revocar al foro apelativo intermedio.

II

La Constitución de Puerto Rico reconoce la dignidad humana como derecho inviolable. De esa garantía esencial se

derivan derechos puntuales como las protecciones a la vida privada y las cláusulas anti discrimen consagradas en nuestra Carta de Derechos. Art. II, Secs. 1 y 8, Const. ELA, LPRA, Tomo 1; véase Albino v. Ángel Martínez, Inc., 171 DPR 457, 470 (2007). En cumplimiento con su deber ministerial de proteger estas garantías constitucionales, la Asamblea Legislativa adoptó un esquema jurídico de naturaleza indemnizatoria en el contexto laboral. Suárez Ruiz v. Figueroa Colón, 145 DPR 142, 148-149 (1998). Ese esquema procura implantar la política pública del Estado contra el discrimen y otras prácticas indeseables fijando responsabilidad civil y sanciones. Íd.

A tono con lo anterior, las Leyes Núm. 69-1985, 29 LPRA sec. 1321 et seq., y Núm. 17-1988, 29 LPRA sec. 155 et seq., prohíben, respectivamente, el discrimen por razón de sexo y el hostigamiento sexual en el empleo.[1] Estas leyes definen con especificidad lo que constituye la conducta sustantiva proscrita, ya sea porque ocurre en el lugar de trabajo o porque se asocia al ambiente o las condiciones laborales. A esos efectos, el Artículo 3 de la Ley Núm. 69-1985 prohíbe tomar una decisión laboral adversa contra una persona por

---

[1] Ley Núm. 69 de 6 de julio de 1985, 29 LPRA sec. 1321 et seq., conocida como la Ley contra el discrimen por razón sexo en el empleo; Ley Núm. 17 de 22 de abril de 1988, 29 LPRA sec. 155 et seq., conocida como la Ley de hostigamiento sexual en el empleo.

razón de su sexo. 29 LPRA sec. 1323. Por otra parte, el Artículo 3 de la Ley Núm. 17-1988 prohíbe acercamientos sexuales en el empleo que interfieran con el trabajo de una persona; constituyan un ambiente intimidante u ofensivo; o cuya aceptación o rechazo se utilice como fundamento para emplear o incidir sobre las condiciones de trabajo de una persona. 29 LPRA sec. 155b.

Además, estas leyes establecen unas prohibiciones adicionales, así como unos deberes preventivos y afirmativos, para erradicar factiblemente la conducta sustantiva proscrita y, por consiguiente, proteger efectivamente los derechos envueltos.[2] De ahí, por ejemplo, que ambas leyes le impidan a un patrono tomar represalias contra un empleado que: (1) presente una queja; o (2) inicie o participe de alguna investigación contra el patrono por prácticas discriminatorias o de hostigamiento. Artículo 20 de la Ley Núm. 69-1985, 29 LPRA sec. 1340; Artículo 9 de la Ley Núm. 17-1988, 29 LPRA sec. 155h; véase Cintrón v. Ritz

---

[2] En cuanto a deberes afirmativos se refiere, la Ley Núm. 69-1985 le impone al patrono el deber de mantener récords por períodos de dos años para poder determinar si éste ha incurrido en prácticas ilícitas conforme a la ley. 29 LPRA sec. 1335. Así también, la Ley Núm. 69-1985 le requiere al patrono publicar un compendio de la propia ley en un sitio visible del establecimiento. 29 LPRA sec. 1339. Por su parte, la Ley Núm. 17-1988 impone al patrono el deber de exponer una política contra el hostigamiento sexual en el trabajo, dándole suficiente publicidad y estableciendo procedimientos internos adecuados y efectivos para atender reclamaciones de hostigamiento. 29 LPRA sec. 155i. Para un caso en el que se impone responsabilidad civil por incumplimiento con estos deberes en el contexto de la Ley Núm. 17-1988, véase Albino v. Ángel Martínez, Inc., 171 DPR 457 (2007); véase también Rosa Maisonet v. ASEM, 192 DPR 368, 382-83 (2015) (discutiendo los deberes afirmativos dispuestos en la Ley Núm. 17-1988).

Carlton, 162 DPR 32 (2004) (reconociendo que la Ley Núm. 69-
1985 dispone una causa de acción por represalias).

Así, la *Ley de represalias*, Ley Núm. 115-1991, 29 LPRA
sec. 194 et seq., no es el único estatuto que ampara a los
empleados contra actos de represalia. Las Leyes Núm. 69-1985
y Núm. 17-1988 también proveen causas de acción similares en
la medida en que la conducta sustantiva imputada se regule
por estas leyes. S.L.G. Rivera Carrasquillo v. A.A.A., 177
DPR 345, 365 (2009) ("En Puerto Rico, además de la Ley Núm.
115 y la Ley Núm. 80, existen otras leyes locales que
protegen a los trabajadores de represalias por parte de sus
patronos".); véase C. Zeno Santiago y V.M. Bermúdez Pérez,
Tratado de Derecho del Trabajo, San Juan, Pubs. JTS, T. I,
2003, pág. 361. Mediante dichas disposiciones, el legislador
revistió de efectividad los derechos y protecciones
establecidas en estas leyes laborales.[3] Esto, pues, sin esa
protección vigorosa, la parte perjudicada por circunstancias
de discrimen por razón de sexo u hostigamiento sexual no
estaría en posición de hacer valer realmente sus derechos.

                                III

---

[3] Véase Informe Conjunto del P. del S. 1437, 10ma Asam. Leg.,
4ta Sesión Ordinaria (23 de marzo de 1988), págs. 16-17
(aludiendo a la causa de acción por represalias como un
aspecto vital para "imprimirle efectividad a la [Ley Núm.
17-1988] y asegurarse que el patrono no puede utilizar la
coacción, intimidación o la necesidad económica de la
víctima de hostigamiento sexual, de un testigo o de quien
intentó proteger a la víctima para impedir la acción en
contra del patrono").

A.

Este Tribunal se ha enfrentado anteriormente a la interrogante de si, al proscribir cierta conducta en el ámbito laboral, los agentes de un patrono que incurren en

esa conducta responden en su carácter personal. Esa controversia se suscita mayormente por dos razones. Primero, por la manera abarcadora en que las leyes laborales suelen definir el concepto **patrono**, incluyendo así a sus agentes y supervisores;[4] y segundo, por el lenguaje particular que se

---

[4] La Ley Núm. 69-1985 define **patrono** como: "**toda persona natural o jurídica que emplee obreros, trabajadores o empleados, y al jefe, funcionario, agente, oficial, gestor, administrador, superintendente, capataz, mayordomo o representante** de dicha persona natural o jurídica". 29 LPRA sec. 1322(2) (énfasis suplido). La Ley Núm. 17-1988 define **patrono** como: "**toda persona natural o jurídica** de cualquier índole, el Gobierno del Estado Libre Asociado de Puerto Rico, incluyendo cada una de sus tres Ramas y sus instrumentalidades o corporaciones públicas, los gobiernos municipales y cualquiera de sus instrumentalidades o corporaciones municipales, que con ánimo de lucro o sin él, emplee personas mediante cualquier clase de compensación *y* **sus agentes y supervisores**. Incluye, además, las organizaciones obreras y otras organizaciones, grupos o asociaciones en las cuales participan empleados con el propósito de gestionar con los patronos sobre los términos y condiciones de empleo, así como las agencias de empleo". 29 LPRA sec. 155a(2) (énfasis suplido). La Ley Núm. 115-1991, según enmendada, define **patrono** como: "todos los patronos por igual, sean estos patronos públicos o privados, corporaciones públicas o cualquiera otra denominación de patronos que exista en el presente o se cree en el futuro, **toda persona natural o jurídica** de cualquier índole, incluyendo el Gobierno del Estado Libre Asociado de Puerto Rico, sus tres Ramas y sus instrumentalidades o corporaciones públicas, los gobiernos municipales y cualquiera de sus instrumentalidades o corporaciones municipales, que con ánimo de lucro o sin él, emplee personas mediante cualquier clase de compensación *y* **sus agentes y supervisores**. Incluye, además, las organizaciones obreras y

(continúa...)

utiliza al momento de imponer responsabilidad civil, puesto que en algunas ocasiones se impone a "toda persona", mientras que en otras se impone al "patrono".

En particular, este Tribunal se ha expresado en dos ocasiones en cuanto a esta controversia. La primera ocasión fue en Rosario v. Dist. Kikuet, Inc., 151 DPR 634 (2000), donde se atendió la interrogante de si, al amparo de las Leyes Núm. 17-1988, Núm. 69-1985 y Núm. 100-1959, un dueño y un supervisor de una compañía respondían en su carácter personal por hostigar sexualmente a una empleada. La segunda ocasión ocurrió recientemente, en Santiago Nieves v. Braulio Agosto Motors, 197 DPR 369 (2017), donde la disyuntiva versaba sobre si, al palio de la Ley Núm. 115-1991, un dueño de una compañía respondía en su carácter personal por sus propios actos de represalia.

En Rosario v. Dist. Kikuet, Inc., supra, la parte demandada cuestionó la viabilidad de una acción de carácter personal. Adujo que "la doctrina adoptada por la Asamblea Legislativa fue que el patrono responde exclusivamente por

---

otras organizaciones, grupos o asociaciones privadas en las cuales participan empleados con el propósito de gestionar con los patronos sobre los términos y condiciones de empleo, así como las agencias de empleo". 29 LPRA sec. 194(b)(énfasis suplido). La Ley Núm. 100-1959 define **patrono** como: "**toda persona natural o jurídica** que emplee obreros, trabajadores o empleados, y al **jefe, funcionario, gerente, oficial, gestor, administrador, superintendente, capataz, mayordomo, agente o representante** de dicha persona natural o jurídica. Incluirá aquellas agencias o instrumentalidades del Gobierno de Puerto Rico que operen como negocios o empresas privadas". 29 LPRA sec. 151(2) (énfasis suplido).

los actos discriminatorios cometidos por sus empleados, agentes y supervisores, por lo que estos no responden de tales actos aun cuando sean cometidos por ellos". Íd., págs. 641-642.

Sin embargo, este Tribunal utilizó como fundamento la definición abarcadora de **patrono** en las Leyes Núm. 69-1985, Núm. 17-1988 y Núm. 100-1959 para resolver lo contrario. Así, determinó que, en la medida en que la responsabilidad civil por la conducta proscrita bajo estas leyes recaía sobre el patrono, y que a su vez la definición de patrono abarcaba a supervisores, administradores y agentes, estos últimos respondían en su carácter personal por los actos de hostigamiento sexual cometidos por ellos.[5]

Aparte de hallar que la definición de patrono suplía la "intención inequívoca" de la Asamblea Legislativa de responsabilizar en su carácter personal a quienes incurren en actos de hostigamiento sexual, este Tribunal también consideró otros criterios. Íd., págs. 643-645. Entre estos, comentó que sería un contrasentido interpretar que el legislador solo quiso responsabilizar al patrono real por actos de discrimen u hostigamiento sexual, dándole inmunidad a los autores directos de los daños causados. Este Tribunal

---

[5] Véase D. Helfeld, Derecho Laboral, 70 Rev. Jur. UPR 447, 455 (2001) (discutiendo Rosario v. Dist. Kikuet, 151 DPR 634 (2000)).

también puntualizó que la Ley Núm. 17-1988 no solo define de forma abarcadora el término patrono, sino que además dispone que "**[t]oda persona** responsable de hostigamiento sexual en el empleo . . . incurrirá en responsabilidad civil". Íd., pág. 645.

En Santiago Nieves v. Braulio Agosto Motors, supra, la controversia de fondo era prácticamente idéntica, pero la conducta en cuestión y la base legal aludida variaban. Este Tribunal tuvo entonces que examinar si la Ley Núm. 115-1991 permitía una causa de acción de carácter personal contra el dueño de una compañía y su presidenta, quienes supuestamente tomaron represalias contra el empleado. Al interpretar la Ley Núm. 115-1991, este Tribunal no recurrió a la definición

de **patrono**, tal y como lo hizo en Rosario v. Dist. Kikuet, Inc., supra, para determinar si procedía imponer responsabilidad personal. Una Mayoría de este Tribunal opinó entonces que bajo un análisis estructural de la Ley Núm. 115-1991, debía entenderse que la definición abarcadora de patrono solo implica que el patrono real responde **vicariamente** por las actuaciones de sus agentes. Santiago Nieves v. Braulio Agosto Motors, supra, págs. 378-379. Así, este Tribunal resolvió de forma distinta a como había resuelto en Rosario v. Dist. Kikuet, Inc., supra.[6]

---

[6] Véase Santiago Nieves v. Braulio Agosto Motors, supra, pág. 390 esc. 5 (Opinión de conformidad en parte y disidente en parte, J.P. Oronoz Rodríguez).

Desde ese entendido, Santiago Nieves v. Braulio Agosto Motors, supra, resolvió que la Ley Núm. 115-1991 no provee una causa de acción personal por actos de represalia. No obstante, a la vez reconoció la posibilidad de responsabilizar personalmente a los agentes de un patrono al amparo de otras leyes laborales. Así, tomando parte del análisis de Rosario v. Dist. Kikuet, Inc., supra, en Santiago Nieves v. Braulio Agosto Motors, supra, una Mayoría de este Tribunal comparó los artículos puntuales de las leyes laborales que establecen el esquema indemnizatorio de responsabilidad civil. De esta manera, distinguió aquellas leyes que imponen responsabilidad civil a "toda persona" *vis-à-vis* aquellas que responsabilizan meramente al "patrono". Santiago Nieves v. Braulio Agosto Motors, supra, págs. 379-380. No descartó que bajo el primer grupo se hallara responsable en su carácter personal a cualquier persona que incurra en la conducta proscrita, pero encontró que la Ley Núm. 115-1991 se hallaba en el segundo grupo por carecer de disposición homóloga. Íd.

B.

Al interpretar las leyes laborales vigentes, este Tribunal debe brindar mayor coherencia entre ellas, en vez de disonancia. Santiago Nieves v. Braulio Agosto Motors, supra, pág. 388 (Opinión de conformidad en parte y disidente en parte, J.P. Oronoz Rodríguez).

Con lo anterior en mente, cabe señalar que las Leyes Núm. 69-1985 y Núm. 17-1988 comparten una estructura similar compuesta a grandes rasgos de cuatro ámbitos: (1) declaración de política pública;[7] (2) definición de conceptos; (3) prohibiciones y deberes; y (4) fijación de responsabilidad y sanciones. Así también, podrá notarse que estas leyes comparten tres elementos específicos para efectos de este caso.

Primero, ambas leyes proveen una definición abarcadora del concepto **patrono**, por lo que sus disposiciones son extensivas a los actos en que incurran oficiales, supervisores y otros agentes del patrono. Segundo, ambas leyes prohíben que un patrono, según definido, tome represalias contra un empleado que inicie un procedimiento o queja en virtud de lo que las propias leyes proscriben. Y tercero, ambas leyes disponen que **toda persona** que incurra en la conducta proscrita en ellas responderá civilmente.

1.

El Artículo 2 de la Ley Núm. 69-1985 establece que el concepto **patrono** incluye a "**toda persona natural o jurídica que emplee obreros, trabajadores o empleados, y al jefe, funcionario, agente, oficial, gestor, administrador,**

---

[7] La declaración de política pública de la Ley Núm. 69-1985 alude a la importancia de la igualdad como valor fundamental de nuestra sociedad y su protección en el contexto del empleo. 29 LPRA sec. 1321. Por su parte, la declaración de política pública de la Ley Núm. 17-1988 cataloga el hostigamiento sexual como una forma de discrimen por razón de sexo que atenta contra la dignidad humana. 29 LPRA sec. 155.

**superintendente, capataz, mayordomo o representante** de dicha persona natural o jurídica". 29 LPRA sec. 1322(2) (énfasis suplido).

Luego, como parte de la serie de prohibiciones y prácticas proscritas, el Artículo 20 dispone lo siguiente:

> Será práctica ilegal del trabajo, el que el patrono, organización obrera o comité conjunto obrero-patronal que controle programas de aprendizaje, adiestramiento o readiestramiento, incluyendo programas de adiestramiento en el empleo, despida o discrimine contra cualquier empleado o participante que presente una queja o querella o que se oponga a prácticas discriminatorias o que participe en una investigación o proceso contra el patrono, organización obrera o comité conjunto obrero-patronal por prácticas discriminatorias. 29 LPRA sec. 1340.

Finalmente, el Artículo 21 establece la responsabilidad civil que procede por infringir las prohibiciones en la ley de la siguiente manera: "**Toda persona, patrono** y organización obrera **según se definen en este capítulo, que incurra en cualquiera de las prohibiciones del mismo**: (a) **Incurrirá en responsabilidad civil**". 29 LPRA sec. 1341 (énfasis suplido).

2.

El Artículo 2 de la Ley Núm. 17-1988 dispone que el concepto **patrono** incluye lo siguiente:

> **[T]oda persona natural o jurídica** de cualquier índole, el Gobierno del Estado Libre Asociado de Puerto Rico, incluyendo cada una de sus tres Ramas y sus instrumentalidades o corporaciones públicas, los gobiernos municipales y cualquiera de sus instrumentalidades o corporaciones municipales, que con ánimo de lucro o sin él, emplee personas mediante cualquier clase de compensación **y sus agentes y supervisores**. Incluye, además, las

organizaciones obreras y otras organizaciones, grupos o asociaciones en las cuales participan empleados con el propósito de gestionar con los patronos sobre los términos y condiciones de empleo, así como las agencias de empleo. 29 LPRA sec. 155a(2) (énfasis suplido).

A su vez, esta ley establece unas prohibiciones y deberes, incluyendo en su Artículo 9 lo siguiente:

Un patrono será responsable bajo las disposiciones de las secs. 155 a 155m de este título cuando realice cualquier acto que tenga el resultado de afectar adversamente las oportunidades, términos y condiciones de empleo de cualquier persona que se haya opuesto a las prácticas del patrono que sean contrarias a las disposiciones de las secs. 155 a 155m de este título, o que haya radicado una querella o demanda, haya testificado, colaborado o de cualquier manera haya participado en una investigación, procedimiento o vista que se inste al amparo de las secs. 155 a 155m de este título. 29 LPRA sec. 155h.

Por último, el Artículo 11 establece la responsabilidad civil que procede de la siguiente manera: "**Toda persona** responsable de hostigamiento sexual en el empleo, **según se define en las secs. 155 a 155m de este título, incurrirá en responsabilidad civil**". 29 LPRA sec. 155j (énfasis suplido).

C.

Expuesta la normativa aplicable, procede analizar si las Leyes Núm. 69-1985 y Núm. 17-1988 permiten accionar contra un agente de un patrono, en su carácter personal, por sus propios actos de represalia.

En Rosario v. Dist. Kikuet, Inc., supra, este Tribunal resolvió que la definición de **patrono** al amparo de las Leyes Núm. 17-1988 y Núm. 69-1985 era "clar[a] y libre de

ambigüedad", por lo que no había "necesidad de mirar más allá de la letra en búsqueda de la intención legislativa". Íd., pág. 643. A la luz de las circunstancias de ese caso, se sostuvo que las "definiciones de patrono incluyen a los supervisores, oficiales, administradores y agentes de éste, e invocan la intención inequívoca de la Asamblea Legislativa de responsabilizarlos por actos de hostigamiento sexual en el empleo cuando dichos actos son cometidos por estos". Íd.[8]

El análisis en este caso debe ser análogo, considerando que versa sobre las mismas leyes y, por lo tanto, las mismas definiciones del concepto patrono. Por un lado, la Ley Núm. 69-1985 incluye en su definición de patrono al "jefe, funcionario, agente, oficial, gestor, administrador, superintendente, capataz, mayordomo o representante". 29 LPRA sec. 1322(2). Por otra parte, la Ley Núm. 17-1988 establece que su definición de patrono incluye a "sus agentes y supervisores". 29 LPRA sec. 155a(2). Asimismo, ambas leyes prohíben que ese patrono, según previamente definido, incurra en actos de represalia, so pena de responsabilidad civil.

En ese sentido, un análisis consecuente con Rosario v. Dist. Kikuet, Inc., supra, me lleva a concluir que la misma

---

[8] Véase también Ortiz González v. Burger King de Puerto Rico, 189 DPR 1, 72 (Sentencia) (2013) (Opinión de conformidad, J. Rivera García) (mencionando que en Rosario v. Dist. Kikuet, 151 DPR 634 (2000) se resolvió que "las leyes laborales aplicables a la controversia asignaban responsabilidad patronal, pero no eximían a los agentes o supervisores de responder en su carácter personal por sus actos").

intención legislativa encontrada allí, en virtud de la letra clara y amplia de la ley, entiéndase la de responsabilizar personalmente a toda persona que se incluye en la definición de patrono, aplica al caso de autos.

Ahora bien, en Santiago Nieves v. Braulio Agosto Motors, supra, se auscultó en otro lugar la intención legislativa de hallar responsable a un agente de un patrono en su carácter personal al amparo de otra ley laboral. Allí se sugirió que lo determinante era el lenguaje utilizado en los artículos que específicamente imponen responsabilidad civil, mas no la definición del concepto patrono.[9] Así, se contrastó la Ley Núm. 115-1991, que responsabiliza al patrono por la conducta allí proscrita, de las Leyes Núm. 69-1985 y Núm. 17-1988, las cuales imponen responsabilidad civil a **toda persona**.[10]

Si, al igual que en Santiago Nieves v. Braulio Agosto Motors, supra, una Mayoría de este Tribunal recurre en esta ocasión a los artículos de las Leyes Núm. 69-1985 y Núm. 17-1988 que imponen responsabilidad civil, se refuerza la conclusión de que procede hallar responsable en su carácter

---

[9] Como mencioné antes, en cuanto a la definición abarcadora del concepto **patrono** se interpretó que su finalidad era responsabilizar vicariamente al patrono por las actuaciones de sus agentes. Santiago Nieves v. Braulio Agosto Motors, supra, pág. 378-379.

[10] Íd., págs. 379-380 ("[L]a responsabilidad civil [en la Ley Núm. 17-1988] no se circunscribió al patrono, sino que se extendió a **toda persona** responsable de la conducta proscrita"; "El Art. 21 de la Ley Núm. 69 reconoce expresamente que **toda persona**, patrono u organización que violente sus postulados incurrirá en responsabilidad civil y criminal". (énfasis suplido)).

personal a los agentes de un patrono. Esto se debe a que ambas leyes disponen que **toda persona** que incurra en la conducta proscrita responderá civilmente. Por esa razón, incluso como corolario de lo resuelto en <u>Santiago Nieves v. Braulio Agosto Motors</u>, <u>supra</u>, las Leyes Núm. 69-1985 y Núm. 17-1988 constituyen "legislaciones laborales en las que el legislador creó una causa de acción contra cualquier persona que incurra en la conducta proscrita y no solo contra el patrono". <u>Íd.</u>, pág. 380.

Esa responsabilidad civil de índole personal aplicaría contra un agente que incurre en actos de represalia, dado que esa conducta está proscrita por las Leyes Núm. 69-1985 y Ley Núm. 17-1988. Esto, pues, el ámbito de responsabilidad civil de estas leyes, con todo y su alcance de carácter personal, no se limita a la conducta sustantiva proscrita, sino que se extiende a las prohibiciones y deberes establecidos en ellas. Es lógico que así sea, puesto que en estas leyes laborales el legislador no impuso meramente una serie de aspiraciones sociales, sino que estableció prohibiciones y deberes vinculantes con sus respectivas sanciones.[11]

---

[11] Véase <u>Rosa Maisonet v. ASEM</u>, 192 DPR 368, 383 (2015) (explicando que la política pública de la Ley Núm. 17-1988 impone una serie de "medidas necesarias para cumplir cabalmente con e[l] mandato [legislativo] so pena de sanciones"); <u>Cintrón v. Ritz Carlton</u>, 162 DPR 32, 37-38 (2004)(interpretando que las sanciones de la Ley Núm. 69-1985 se extienden a actos por represalias, pues dicha ley, "al igual que otras leyes laborales, provee un esquema de

(continúa...)

Así también, el legislador precisó que la responsabilidad civil procedería por cualquier violación a lo dispuesto en esas leyes. A esos efectos, nótese que la Ley Núm. 69-1985 le impone responsabilidad civil a aquella persona que incurra en "cualquiera de las prohibiciones" dispuestas en ella. 29 LPRA sec. 1341. Por su parte, la Ley Núm. 17-1988 le impone responsabilidad civil a toda persona que incurra en hostigamiento sexual, "según se define en las secs. 155 a 155m de este título", abarcando así todo el entorno de conductas que el legislador consideró constitutiva o promotora de hostigamiento sexual en el lugar de trabajo. 29 LPRA sec. 155j.

Por tanto, resulta forzoso concluir que las definiciones abarcadoras de **patrono**, según interpretadas en Rosario v. Dist. Kikuet, Inc., supra, así como la amplitud de los artículos que imponen responsabilidad civil, según la propia lógica de una Mayoría en Santiago Nieves v. Braulio Agosto Motors, supra, responsabilizan personalmente a quienes infrinjan las disposiciones de las Leyes Núm. 69-1985 y Núm. 17-1988.

D.

Finalmente, es menester señalar y subrayar dos asuntos medulares respecto a la Opinión mayoritaria.

---

indemnización para el empleado cuando su patrono incurre en cualquiera de las prácticas vedadas por ella").

(continúa...)

Primero, tal como señala una Mayoría de este Tribunal,[12] el Artículo 2 de la Ley Núm. 69-1985 podría limitar la extensión de la definición del término patrono en ciertas circunstancias en tanto dispone que será de aplicación la definición estatuida "salvo cuando resultare[] **manifiestamente incompatible**[] con los fines [del estatuto]". 29 LPRA sec. 1322. Sin embargo, la Opinión mayoritaria no adelanta argumento alguno para demostrar por qué la aplicación de la definición estatutaria sería **manifiestamente incompatible** en este caso de represalias.

En cambio, nuestra Asamblea Legislativa resolvió y declaró en la Ley Núm. 69-1985 que "**los valores de igualdad y libertad expresados en la Constitución** del Estado Libre Asociado de Puerto Rico **constituyen la piedra angular de la sociedad puertorriqueña**". 29 LPRA sec. 1321 (énfasis suplido). Dicha ley proscribe el discrimen por razón de sexo en el empleo; y su norte es "velar por el estricto cumplimiento que tienen todas las personas para que no se les discrimine por razón de su sexo". Íd. El Artículo 20 de dicha ley, por su parte, prohíbe tomar represalias contra una persona que se oponga a las prácticas discriminatorias al buscar auxilio mediante la presentación de una queja o querella, o su participación en una investigación o procedimiento contra el patrono. 29 LPRA sec. 1340. Finalmente, el Artículo 21 impone responsabilidad civil no

---

[12] Op. mayoritaria, págs. 7-8.

tan solo al patrono, según definido, sino también a "**toda persona**". 29 LPRA sec. 1341 (énfasis suplido).[13] Por tanto, estimo que no es manifiestamente incompatible con los fines de la Ley Núm. 69-1985 imponer responsabilidad civil a un agente del patrono; quien violó los derechos del empleado, tal cual lo estatuyó la Asamblea Legislativa. Por tanto, el Artículo 2 de la Ley Núm. 69-1985 no debería circunscribir la definición estatutaria de patrono en este caso.

Asimismo, en la Ley Núm. 17-1988, la Asamblea Legislativa resolvió y declaró como política pública que "el hostigamiento sexual en el empleo es una forma de discrimen por razón de sexo y como tal **constituye una práctica ilegal e indeseable que atenta contra el principio constitucional establecido de que la dignidad del ser humano es inviolable**". 29 LPRA sec. 155 (énfasis suplido). Cabe señalar que, a diferencia de la Ley Núm. 69-1985, la aplicación de la definición de "patrono" de la Ley Núm. 17-1988 no está condicionada a que no sea "manifiestamente incompatible". Dicho eso, la Ley Núm. 17-1988 también incluye a los agentes del patrono en su definición de "patrono" y también impone responsabilidad civil a "toda persona".

---

[13] Véase <u>Santiago Nieves v. Braulio Agosto Motors, Inc.</u>, <u>supra</u>, pág. 380 ("[E]l Art. 21 de la Ley Núm. 69 […] reconoce expresamente que toda persona, patrono u organización que violente sus postulados incurrirá en responsabilidad civil y criminal. Esto demuestra que cuando la Asamblea Legislativa ha querido extender la responsabilidad civil más allá del patrono así lo ha dispuesto expresamente".).

Así, y, en segundo lugar, la Opinión mayoritaria sugiere que el análisis de este caso no debe ser análogo al de Rosario v. Dist. Kikuet, Inc., supra, porque se trata de las mismas leyes y definiciones, pero no de la misma conducta. Para fundamentar esta postura, distingue "entre actos de hostigamiento sexual y actos de represalias".[14] Razona que, en el caso del hostigamiento sexual, "el autor siempre es quien lleva a cabo los actos", mientras que en el caso de represalias "[e]l patrono real es el único autor, pues los actos de represalias son suyos, independientemente de quién los lleva a cabo a su nombre o siguiendo sus instrucciones".[15]

No estoy de acuerdo. Aun cuando la decisión final de despedir o no a un empleado pueda ser del patrono real, el agente de ordinario tiene autoridad para llevar a cabo múltiples actos que afectan los términos y condiciones de ese empleado, constituyendo así actos de represalia. El agente puede, por ejemplo: (1) alterar las condiciones de empleo; (2) cambiar al empleado de turno para desfavorecerlo; (3) modificar las tareas en detrimento del empleado; (4) obstaculizar oportunidades de asenso; y (5) recomendar al patrono que lo despidan. El agente del patrono juega pues un rol activo en la toma de decisiones contra el empleado por motivo de represalias. Así, al caracterizar al agente como un *alter ego*, la intención del legislador fue

---

[14] Op. mayoritaria, pág. 10.
[15] Op. mayoritaria, pág. 11.

extender la responsabilidad civil más allá del patrono real. Según el texto amplio de la ley, el legislador responsabilizó personalmente al agente por ser un actor instrumental en la violación de los derechos del empleado. Concluir lo contrario sería presumir que el legislador incluyó lenguaje redundante.[16] Sin embargo, este: (1) definió ampliamente el término "patrono"; y (2) impuso responsabilidad civil tanto al "patrono" como a "toda persona" al amparo de las dos leyes objeto de este caso. Lo anterior junto a la política pública estatuida debe significar algo. De haber alguna duda, es un principio reiterado de hermenéutica de este Tribunal que:

> La legislación laboral de Puerto Rico está orientada a promover la justicia social de la clase trabajadora, garantizando la mayor protección de sus derechos laborales. Su esencia es remedial o reparadora, por lo cual **su interpretación judicial debe ser liberal y amplia para que se puedan alcanzar los objetivos que la originaron. En este proceso interpretativo, toda duda en cuanto a la aplicación de una disposición legal laboral deberá resolverse a favor del empleado.** Orsini García v. Srio. de Hacienda, 177 DPR 596, 614-615 (2009) (énfasis suplido); véase Nilda Figueroa Rivera v. El Telar, Inc., 178 DPR 701, 723-724 (2010) (Ley Núm. 80-1976); S.L.G. Rivera Carrasquillo v. A.A.A., supra, pág. 363 (2009) (Ley Núm. 115-1991); Cintrón v. Ritz Carlton, supra, pág. 39 (2004) (Ley Núm. 60-1985).

IV

En el caso de autos, el Tribunal de Apelaciones confirmó una sentencia del foro primario mediante la cual se desestimó la acción por considerar que nuestro ordenamiento no provee

---

[16] R.E. Bernier Santiago y J. Cuevas Segarra, Aprobación e interpretación de las leyes en Puerto Rico, 2da ed., San Juan, Pubs. JTS, 1987, Vol. 1, pág. 316.

una causa de acción personal por represalias. Determinó que no procedía un reclamo de represalias contra los señores Rubert y Amaro y que, por esa razón, el foro primario actuó correctamente al desestimar la acción de la señora Caballer Rivera.

El foro recurrido llegó a esa conclusión tras considerar varias leyes laborales que invocó la señora Caballer Rivera. En cuanto a la Ley Núm. 115-1991, ese foro concluyó que no contiene disposición alguna que imponga responsabilidad personal a los agentes de un patrono por actos de represalia. Esa determinación se ajusta a la lógica de Santiago Nieves v. Braulio Agosto Motors, supra.

Sin embargo, el foro recurrido descartó también que otras leyes laborales -- como las Leyes Núm. 69-1985 y Núm. 17-1988 -- proveyeran una causa de acción personal por actos de represalia. Al proceder así, el Tribunal de Apelaciones interpretó de forma limitada lo que resolvió Rosario v. Dist. Kikuet, Inc., supra, y reiteró que en ese caso este Tribunal solo concedió que el autor directo de los actos de hostigamiento sexual pudiera responder personalmente bajo esas leyes.

Según discutido, una lectura integral y consistente de las Leyes Núm. 69-1983 y Núm. 17-1988, así como de nuestras expresiones en Rosario v. Dist. Kikuet, Inc., supra, y Santiago Nieves v. Braulio Agosto Motors, supra, me lleva a concluir que el foro apelativo intermedio erró. Así, colijo

que las Leyes Núm. 69-1985 y Núm. 17-1988 permiten accionar contra un agente del patrono en su carácter personal cuando este incurre en actos de represalia y perpetúa los daños infligidos a la víctima de hostigamiento sexual y discrimen por razón de sexo. Consecuentemente, la señora Caballer Rivera debe poder accionar contra los señores Rubert y Amaro al amparo de esas leyes; y merece su día en corte para probar sus alegaciones. En vista de que una Mayoría resuelve lo contrario, disiento.


                                        Maite D. Oronoz Rodríguez
                                              Jueza Presidenta

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Gretchen Caballer Rivera | | |
| Peticionaria | | |
| v. | CC-2015-0888 | |
| Nidea Corporation h/n/c Adriel Toyota; y otros | | |
| Recurridos | | |

**Opinión disidente emitida por el Juez Asociado señor Rivera García**

En San Juan, Puerto Rico, a 19 de abril de 2018.

**I**

Disiento del curso decisorio de la mayoría de los miembros de este Tribunal, pues, como señalé en Santiago Nieves v. Braulio Agosto Motors, 197 DPR 369 (2017), tras analizar las disposiciones de la Ley Núm. 115-1991, los objetivos de las leyes de esta naturaleza no permitían llegar a este desenlace. Reiteradamente hemos reconocido que las leyes laborales, como las que teníamos que interpretar en esta ocasión, "son de carácter remedial y tienen un propósito eminentemente social y reparador". Santiago Nieves v. Braulio Agosto Motors, supra, pág. 398 (Opinión disidente y concurrente del Juez Asociado señor Rivera García), al hacer referencia a Cordero Jiménez v. UPR, 188 DPR 129, 139 (2013), y Acevedo v. PR Sun Oil Co., 145 DPR 752, 768 (1998). En ese sentido, estamos obligados a realizar una interpretación

liberal, en concordancia con los principios en que se erigen los referidos estatutos.

Desde Rosario Toledo v. Dist. Kikuet, Inc., 151 DPR 634 (2000), ante la referencia a "patrono", provista en varios estatutos relacionados a leyes laborales, reconocimos que la definición de "patrono" se extendía al patrono real como al autor directo de la conducta imputada. Por ello, aun cuando la ley se refería solamente a "patrono", pautamos que los supervisores, los oficiales, los administradores y los agentes del patrono real también responderían. Es decir, todos ellos se encontraban inmersos en el concepto "patrono" para propósito de acciones como las del caso de autos. De hecho, entre otras disposiciones, en aquel momento analizamos la definición de "patrono" establecida en la Ley Núm. 69 de 6 de julio de 1985, según enmendada, y la Ley Núm. 17 de 22 de abril de 1988, según enmendada, para arribar a tal conclusión.

## II

En vista de lo anterior, no puedo estar de acuerdo con la decisión que emite este Tribunal. Lo cierto es que resulta en un contrasentido que la interpretación que desde sus inicios realizó este Tribunal al término "patrono", según definido en la Ley Núm. 69, *supra*, y la Ley Núm. 17, *supra*, —aplicables en este caso— incluyera a la gama de sujetos antes mencionados, pero que posteriormente se limite su responsabilidad mediante una interpretación restrictiva que resulta contraria a la intención legislativa establecida

claramente en estos estatutos. Estoy convencido que las leyes mencionadas establecen una causa de acción, no solo contra el patrono real, sino contra los supervisores, los oficiales, los administradores y los agentes del patrono real en ocasiones en que, como se alega en el caso de autos, incurren en actos de represalia cuando el empleado o la empleada se queja por haber sido víctima de hostigamiento sexual.

En consecuencia, disiento y hubiera revocado el dictamen recurrido.


                                    Edgardo Rivera García
                                         Juez Asociado